UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT BANK OF AMERICA CORP.'S ANSWER TO
PLAINTIFFS' COMPLAINT**

Defendant Bank of America Corp. ("BoA" or "Defendant"), by and through its attorneys, hereby answers the Complaint filed against it by Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp Tech" or "Plaintiffs") on July 20, 2018, as follows. Anything in the Complaint that is not expressly admitted is hereby denied.

**ANSWER TO THE COMPLAINT**

**NATURE OF THE ACTION**

1. Defendant admits that this is an action for patent infringement. Defendant denies that the asserted patents are infringed, valid, enforceable, and/or cover patent-eligible subject matter, and Defendant therefore denies that Plaintiffs are entitled to any relief.

2. Defendant admits that Plaintiffs seek damages, but Defendant denies that the asserted patents are infringed, valid, enforceable, and/or cover patent-eligible subject matter, and Defendant therefore denies that Plaintiffs are entitled to any relief.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

6. Admitted.

7. Denied. Defendant is a holding company that provides no products or services in the State of Texas or this District.

## JURISDICTION AND VENUE

8. Admitted.

9. Denied. Defendant is a holding company that provides no products or services in the State of Texas or this District. Nonetheless, Defendant does not dispute, for purposes of this action only, that this Court has personal jurisdiction over Defendant.

10. Defendant admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies that venue is proper in this District.

## INTRODUCTION

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

**MICRO FOCUS & HPE**

15. Defendant does not manufacture the accused products, but denies that the accused products infringe any valid, enforceable, and patent-eligible claims of the Patents-in-Suit. Defendant further denies that it uses any Micro Focus software products.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

21. Defendant admits that WIPO sent a Rule 47.1(c) notice to Hewlett-Packard Development Company, L.P., on June 12, 2014.  The remainder of the allegations of this paragraph are unclear and ambiguous, and on that basis are denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

24. Denied.

25. Denied.

26. Denied.

## TECHNOLOGY BACKGROUND

*Network Virtualization*

27. Defendant admits that the quotations alleged in this paragraph appear in the video cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements into a single statement.

*Network Profiles*

28. Defendant admits that the quotations alleged in this paragraph appear in the document cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements into a single statement.

*VuGen and the Virtual Event Generator*

29. Defendant admits that the quotations alleged in this paragraph appear on the webpages cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements and different articles into a single statement. Defendant additionally expressly denies usage of the terms "Virtual Users" and "Virtual Event Generator."

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph. Defendant specifically denies that it was a customer of HPE in March of 2014.

*TruClient and Scripted User Event Modeling*

31. Defendant admits that the quotations alleged in this paragraph appear on the webpages cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements into a single statement.

*StormRunner Load*

32. Defendant admits that the quotations alleged in this paragraph appear on the webpage cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements into a single statement.

*Micro Focus Mobile Center and Development Server*

33. Denied.

34. Defendant admits that the quotations alleged in this paragraph appear in the videos cited therein. Defendant otherwise denies the allegations of this paragraph, in particular the implications and inferences drawn from Plaintiffs' connection of disparate statements and different articles into a single statement.

**FACTUAL ALLEGATIONS**

*Patents-in-Suit*

35. Defendant admits that the '678 Patent is entitled "Systems including device and network simulation for mobile application development," and issued on May 15, 2018.

Defendant otherwise lacks knowledge or information sufficient to form a belief as to the ownership of the '678 Patent, and therefore denies the remaining allegations of this paragraph.

36. Defendant admits that the '864 Patent is entitled "System including network simulation for mobile application development," and issued on March 29, 2016. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the ownership of the '864 Patent, and therefore denies the remaining allegations of this paragraph.

37. Defendant admits that the '192 Patent is entitled "Systems including network simulation for mobile application development and online marketplaces for mobile application distribution, revenue sharing, content distribution, or combinations thereof," and issued on December 30, 2014. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the ownership of the '192 Patent, and therefore denies the remaining allegations of this paragraph.

38. Defendant lacks knowledge or information sufficient to form a belief as to the ownership of and rights to the Patents-in-Suit, and therefore denies the allegations of this paragraph.

39. This paragraph requires no response from Defendant.

### DAMAGES, PLAINTIFFS' PORTFOLIO, AND THE APP ECONOMY

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

46. Defendant admits that the quotations alleged in this paragraph appear in the documents cited therein.  Defendant otherwise denies the allegations of this paragraph, in particular any implications and inferences drawn from Plaintiffs' connection of disparate statements into a single statement.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

48. Defendant admits that the quotations alleged in this paragraph appear in the document cited therein.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations of this paragraph.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

50. Defendant admits that Exhibit J reports 25 million mobile banking users for the three-month period ending June 30, 2018, but denies that those mobile banking users are customers of Defendant.  As Defendant is a holding company, Defendant denies the allegation that mobile banking users represent over half of Defendant's customers globally.  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

*Royalty Demand by Plaintiffs*

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations of this paragraph.

53. Denied.

## COUNT I

(Infringement of United States Patent No. 9,971,678)

54. This paragraph requires no response from Defendant.

55. Defendant denies that the USPTO duly and legally issued the '678 Patent. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies them.

56. Denied.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

58. Denied.

59. Defendant denies that the passages of the '678 Patent cited in this paragraph describe "systems that address technical problems," and therefore denies the allegations in this paragraph.

60.     Defendant denies that the passages of the '678 Patent cited in this paragraph describe how to "view application performance data to mitigate performance risks," and therefore denies the allegations in this paragraph.

61.     Defendant denies that the passages of the '678 Patent cited in this paragraph describe a system that provides "a network model library of real-world mobile network characteristics," and therefore denies the allegations in this paragraph.

62.     Denied.

63.     Denied.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them. Defendant otherwise denies the allegations of this paragraph.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendant denies that it infringes any valid, enforceable, patent-eligible claim of the Patents-in-Suit, and therefore denies the allegations in this paragraph.

## COUNT II

(Infringement of United States Patent No. 9,298,864)

72.     This paragraph requires no response from Defendant.

73. Defendant denies that the USPTO duly and legally issued the '864 Patent. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies them.

74. Denied.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

76. Denied.

77. Defendant denies that the passages of the '864 Patent cited in this paragraph describe "systems that address technical problems," and therefore denies the allegations in this paragraph.

78. Defendant denies that the passages of the '864 Patent cited in this paragraph describe systems that "simulate virtual users" or "generat[e] load" and therefore denies the allegations in this paragraph.

79. Defendant denies that the passages of the '864 Patent cited in this paragraph describe scripts "to record and replay user interactions on the mobile device," and therefore denies the allegations in this paragraph.

80. Defendant denies that the passages of the '864 Patent cited in this paragraph describes "a library of mobile devices," and therefore denies the allegations in this paragraph.

81. Defendant denies that the passages of the '864 Patent cited in this paragraph describe how to "view application performance data to mitigate performance risks," and therefore denies the allegations in this paragraph.

82. Denied.

83. Denied.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them. Defendant otherwise denies the allegations of this paragraph.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Defendant denies that it infringes any valid, enforceable, patent-eligible claim of the Patents-in-Suit, and therefore denies the allegations in this paragraph.

## COUNT III

(Infringement of United States Patent No. 8,924,192)

92. This paragraph requires no response from Defendant.

93. Defendant denies that the USPTO duly and legally issued the '192 Patent. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies them.

94. Denied.

95. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

96. Denied.

97. Defendant denies that the passages of the '192 Patent cited in this paragraph describe "systems that address technical problems," and therefore denies the allegations in this paragraph.

98. Defendant denies that the passages of the '192 Patent cited in this paragraph describe how to "view application performance data to mitigate performance risks," and therefore denies the allegations in this paragraph.

99. Defendant denies that the passages of the '192 Patent cited in this paragraph describe a system that provides "a network model library of real-world mobile network characteristics," and therefore denies the allegations in this paragraph.

100. Denied.

101. Denied.

102. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them. Defendant otherwise denies the allegations of this paragraph.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Defendant denies that it infringes any valid, enforceable, patent-eligible claim of the Patents-in-Suit, and therefore denies the allegations in this paragraph.

## RELIEF REQUESTED

Defendant denies that Plaintiffs are entitled to the relief requested in Plaintiffs' prayer for relief, and to the extent that such prayer contains factual allegations relating to Defendant, such allegations are denied.  Plaintiffs' prayer for relief should be denied, with prejudice, in its entirety.

## JURY DEMAND

No response is required to Plaintiffs' demand for a trial by jury in this case.  Defendant also demands a trial by jury on all issues so triable.

\*\*\*

## AFFIRMATIVE AND OTHER DEFENSES

110.    Further answering the Complaint and as additional defenses thereto, Defendant asserts the following affirmative and other defenses.  Defendant does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden.  Defendant reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of the Patents-in-Suit based on inequitable conduct, as Defendant learns additional facts.

### FIRST DEFENSE (NON-INFRINGEMENT)

111.    Defendant denies that any accused products infringe any valid, enforceable, and patent-eligible claims of the Patents-in-Suit.  Furthermore, Plaintiffs are precluded under the doctrines of disclaimer, prosecution history estoppel, and/or ensnarement from asserting a scope for any claim of the Patents-in-Suit that would encompass the accused products or any other of Defendant's products or services.

**SECOND DEFENSE (INVALIDITY)**

112. Each claim of the Patents-in-Suit is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and 112. For example, and not by way of limitation, the asserted patents are invalid at least because they are anticipated or rendered obvious by: U.S. Publ. No. 2006/0223522; U.S. Publ. No. 2005/0090239; U.S. Patent No. 6,477,483; U.S. Patent No. 6,560,564; the provisional application for U.S. Publ. No. 2005/0125211; the BREW Emulator; U.S. Publ. No. 2003/0156549 A1; U.S. Publ. No. 2006/0205398; International Publ. No. WO 99/63439; U.S. Patent No. 7,647,399; U.S. Patent No. 7,673,042; U.S. Patent No. 7,877,230; and/or LoadRunner and related products integrated with Shunra Software Ltd.'s network virtualization technology.

113. Moreover, much of the technology underlying LoadRunner, Performance Center, and StormRunner Load was originally developed, marketed, and sold in the 1990s through the early 2000s by Mercury Interactive Corp. (and/or other Mercury Interactive entities), who was acquired by Hewlett-Packard Company ("HP"), a predecessor to HPE, in 2006. Much of the technology underlying Network Virtualization was originally developed, marketed, and sold in the 1990s through the early 2000s by Shunra Software Ltd. (and/or other Shunra entities). Shunra's Network Virtualization technology was developed, marketed, and sold as being integrated with LoadRunner at least as early as 2003. HP acquired Shunra's assets in 2014.

114. The Patents-in-Suit are also invalid for failing to comply with 35 U.S.C. § 112(1). For example, and not by way of limitation, the asserted claims of the '678 Patent are invalid at least because the patent specification does not provide support for the full scope of the claims as asserted by Wapp, *i.e.*, that the claimed "system for testing an application for a mobile device"

comprising, among other things, "a software testing interface configured to simultaneously visually simulate, via one or more profile display windows, a plurality of operator network characteristics including at least bandwidth availability indicative of performance of the mobile device when executing the application" can be met by testing certain effects of load from a mobile device on a server computer.

115. Similarly, and not by way of limitation, claims 1–3 and 8–12 of the '864 patent are invalid for at least the reason that the patent specification does not provide support for the full scope of the claims as asserted by Wapp, *i.e.*, that the claimed "system for testing an application for a mobile device" comprising, among other things, "software configured to simulate, via one or more profile display windows, a plurality of network characteristics indicative of performance of the mobile device when executing the application" can be met by testing certain effects of load from a mobile device on a server computer.

116. By way of further example, and not by way of limitation, claim 20 of the '864 Patent is invalid under 35 U.S.C. § 112(1) for at least the reason that the patent specification does not provide support for the full scope of the claim as asserted by Wapp, *i.e.*, that the claimed "method for emulating an application playing on an application player in each of a plurality of mobile devices," comprising, among other things, "emulating each of the mobile devices in real time using respective models running on a processor extrinsic to the mobile devices, wherein each of the models is based on the retrieved characteristics," and "playing the application in real time using the application player within each of the models" can be met by recording and replaying a script created by the user.

117. By way of still further example, and not by way of limitation, claim 29 of the '864 patent is invalid under 35 U.S.C. § 112(1) for at least the reason that the patent specification does

not provide support for the full scope of the claim as asserted by Wapp, *i.e.*, that the claimed "method for developing an application to play on a mobile device that includes an application player," comprising, among other things, "emulating each said mobile device using a respective model, wherein each said model is based upon the characteristics of a respective said mobile device," "playing the application in real time within each said model," and "monitoring each said model to determine resource utilization of the application for each said mobile device" can be met by recording and replaying a script created by the user and allowing a user to install a certain third-party emulator for a given device.

   118. Finally, and not by way of limitation, the asserted claims of the '192 patent are invalid for at least the reason that the patent specification does not provide support for the full scope of the claims as asserted by Wapp, *i.e.*, that the claimed "system for developing an application for a mobile device" comprising, among other things, "a software authoring interface configured to simultaneously visually emulate, via one or more profile display windows, a plurality of network characteristics indicative of performance of the mobile device when executing the application" can be met by testing certain effects of load from a mobile device on a server computer.

   119. The Patents-in-Suit are also invalid for failing to comply with 35 U.S.C. § 112(2). For example, and not by way of limitation, the asserted claims of the '678 Patent are indefinite at least because they fail to apprise a person of skill in the art what is claimed with respect to visually simulating operator network characteristics, performance of the mobile device, and/or bandwidth data predetermined from interactions. Further, and not by way of limitation, claims 1–3 and 8–12 of the '864 Patent are indefinite at least because they fail to apprise a person of skill in the art what is claimed with respect to simulating network characteristics, performance of

the mobile device, and/or based on data of interaction with networks in non-simulated environments. By way of further example, and not by way of limitation, claims 20 and 29 of the '864 Patent are indefinite at least because they fail to apprise a person of skill in the art what is claimed with respect to an application player/playing, indicative of performance, emulating in real time using a respective model, and/or resource utilization information by/of the application. Finally, and not by way of limitation, the asserted claims of the '192 Patent are indefinite at least because they fail to apprise a person of skill in the art what is claimed with respect to visually emulating operator network characteristics, performance of the mobile device, and/or simulating a network connection state encountered by a mobile device.

## THIRD DEFENSE (INELIGIBILITY)

120. The asserted patents claim ineligible subject matter in violation of 35 U.S.C. § 101. *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. __, 134 S. Ct. 2347 (2014). First, the patent claims are directed to one or more abstract ideas. For example, the asserted claims are directed to the ideas of emulating the usage of a product and/or simulation testing of a product or the conditions in which a product is used, which are long-standing practices that predate the technology claimed by the asserted patents and are used in myriad industries. Second, whether as an ordered combination or considered independently, the claim limitations contain no inventive concept sufficient to transform the claimed abstract ideas into a patent-eligible application.

## FOURTH DEFENSE (FAILURE TO MARK)

121. Plaintiffs' claims are barred in whole or in part by failure to plead compliance with patent marking pursuant to the requirements of 35 U.S.C. § 287(a).

## FIFTH DEFENSE (LACK OF STANDING)

122. To the extent that Plaintiffs were not the sole and total owners of the Asserted Patents as of the filing date of the Complaint, Plaintiffs lack standing to bring one or more claims in this lawsuit.

## SIXTH DEFENSE (FAILURE TO STATE A CLAIM)

123. The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE (PRIOR COMMERCIAL USE)

124. Defendant is entitled to a defense under 35 U.S.C. § 273.

Dated:  October 16, 2018  Respectfully submitted,

By: */s/ Mark Reiter*
Mark Reiter
Texas State Bar No. 16759900
mreiter@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas  75201-6912
Telephone:  214.698.3360
Facsimile:  214.571.2907

*Attorney for Bank of America Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

                                       */s/ Mark Reiter*
                                       Mark Reiter