# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendant. | Case No. 4:18-cv-00519-ALM-KPJ <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT BANK OF AMERICA CORPORATION'S
REPLY IN SUPPORT OF MOTION TO STAY**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. THIS CUSTOMER SUIT AGAINST BANK OF AMERICA SHOULD BE
 STAYED..............................................................................................................................1

 A. Wapp's New Allegations Do Not Support Denial of a Stay .....................................2

 B. Wapp's Remaining Arguments Fail .........................................................................4

III. CONCLUSION.....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................3

*Bianco v. Globus Med., Inc.*,
    No. 2:12-cv-00147-WCB, 2014 WL 1049067 (E.D. Tex. Mar. 17, 2014)..............................5

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    No. 2:17-cv-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ...................5

*Glenayre Elecs., Inc. v. Jackson*,
    443 F.3d 851 (Fed. Cir. 2006)............................................................................................4

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ...............................................................................4, 5

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990)..........................................................................................5

*Melton v. Account Resol. Team, Inc.*,
    No. 3:15-CV-00469, 2016 WL 6875883 (E.D. Tenn. Nov. 21, 2016) ....................2

*Metro. Life Ins. Co. v. Taylor*,
    481 U.S. 58 (1987)..............................................................................................................2

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)..........................................................................................2

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
    No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ................................4

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008)............................................................................................................4

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011)..........................................................................................5

*St. Lawrence Commc'ns LLC v. Apple Inc.*,
    No. 2:16-cv-82-JRG, 2017 WL 37129112 (E.D. Tex. July 12, 2017)....................5

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*SynQor, Inc. v. Vicor Corp.*,
   No. 2:14-cv-287-RWS-CMC, 2015 WL 12916396 (E.D. Tex. Nov. 24, 2015)........................5

**I.     INTRODUCTION**

Wapp bases its claims against Bank of America Corporation ("Bank of America") on the same asserted patents, the same accused products, and the same infringement allegations as it does against Micro Focus International plc ("Micro Focus"), which Wapp alleges is the manufacturer of the accused products.  Despite these identical allegations, and despite Bank of America's agreement to be bound by a final judgment of liability against the manufacturer, Wapp argues this case should proceed.  But Wapp's argument relies on allegations absent from its Complaint, allegations built upon admitted speculation, and allegations that demonstrate Bank of America merely uses the accused products as intended.  Removing this cloud of non-pled, speculative allegations, it is clear that the major issues in Wapp's suits against Micro Focus and Bank of America are the same, and that Bank of America is not the "true defendant."  Respectfully, the Court should stay this suit.

**II.    THIS CUSTOMER SUIT AGAINST BANK OF AMERICA SHOULD BE STAYED**

In its Opposition, Wapp does not dispute, or present evidence disputing, the following:

- Wapp made the <u>same infringement allegations</u> in its complaints against Bank of America and Micro Focus, based on the <u>same patents-in-suit</u> and the <u>same accused software products and functionalities</u>—"the Micro Focus Software Suite" (Dkt. No. 1 ¶ 26; Dkt. No. 12 at 9–10);
- Wapp attached <u>identical infringement charts</u> to all of its complaints (Dkt. No. 12 at 10);
- Wapp's Complaint against Bank of America does not allege that Bank of America is anything other than a <u>customer</u> of the accused software (Dkt. No. 1 ¶ 24); and
- Bank of America's sworn declaration that, to the extent Bank of America uses any of the accused software, such use is <u>"off the shelf"</u> and for the accused software's <u>intended purpose</u>. Dkt. No. 12 at 9–10; *id.*, Ex. A ¶¶ 3–5.

Given these undisputed facts, the issue of whether Micro Focus (the alleged manufacturer) and Bank of America (the alleged customer) infringe is the same, as are the issues of patent-ineligibility and invalidity.  As such, the suit against the alleged manufacturer takes "precedence," and Wapp's suit against Bank of America should be stayed pending resolution of the manufacturer suit to "avoid . . . [the] imposi[tion of] the burdens of trial on" Bank of America, which is not the "'true

1

defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014).

      **A.**      **Wapp's New Allegations Do Not Support Denial of a Stay**

In sum, Wapp argues that a stay should be denied because Bank of America and Micro Focus infringe "for different reasons." More specifically, Wapp asserts that while Micro Focus provides a "tool"—*i.e.,* the Micro Focus Software Suite—that infringes the asserted patents, Bank of America independently infringes the asserted patents by using the accused Micro Focus software, and *possibly* other "proprietary software," to develop and distribute "Bank of America mobile applications." *See* Dkt. No. 13 ("Opp.") at 6, 8. As explained below, these arguments fail.

<u>First</u>, Wapp's allegations directed to *possible* proprietary software for Bank of America mobile applications appear nowhere in Wapp's Complaint. Rather, Wapp limits its Complaint (including its infringement charts) solely to Bank of America's *use* of "the Micro Focus Software Suite."[1] The Complaint does not allege that *any* Bank of America-specific product or service (*e.g.*, "UI TestRunner") infringes, and there is a reason for that: Wapp concedes it knows nothing about "UI TestRunner," has no basis to accuse "UI TestRunner," and has identified "UI TestRunner" solely "given the name." *See* Opp. at 5–6. Because the Complaint defines the scope of the case, Wapp cannot rely on these manufactured arguments to avoid a stay of claims it did plead. *See Melton v. Account Resol. Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *3 (E.D. Tenn. Nov. 21, 2016) ("The complaint—and the complaint alone—defines the scope of the action.") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987)). Allowing Wapp to rely on these non-pled allegations would, moreover, render the Complaint deficient for failing to give "fair notice of

---

[1] *See, e.g.*, Dkt. No. 1 ¶ 15 ("Certain *Micro Focus* software products that are *used* by Defendant are alleged herein to infringe the Patents-in-Suit"); *id.* ¶ 26 (defining the "Accused System" as the "*Micro Focus* Software Suite"); *id.* ¶ 27 ("[Bank of America's] *use* of the Accused System enables performance engineers . . .") (emph. added); *id.* ¶ 33 ("[Bank of America] has *used* and continues to *use* Micro Focus Mobile Center") (emph. added); *see also id.* ¶¶ 24, 28, 30.

what . . . the claim[s are] and the grounds upon which [they] rest[]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

<u>Second</u>, even accepting Wapp's new allegations, they do not diminish the substantial overlap of the infringement and invalidity questions as between Micro Focus and Bank of America. For example, Wapp suggests that Bank of America's alleged development of "scripts" for use in the Micro Focus Software Suite somehow distinguishes Bank of America's alleged infringement from that of Micro Focus. Opp. at 7–8, 13. It does not. As demonstrated by the accused software's documentation, the development and use of scripts is the ordinary and expected use of the software.[2] Wapp relies upon the same use of scripts, and documentation instructing users how develop scripts, to support its claims against both Micro Focus and Bank of America. By relying on this same documentation to support its allegations against the two defendants, Wapp concedes there is nothing special about Bank of America's alleged use of the Micro Focus Software Suite. In other words, the issues of infringement as between Bank of America and Micro Focus do substantially overlap. Wapp's reference to claim 60 of the '192 patent does not change that conclusion. Opp. at 5. Indeed, Claim 60 calls for an application "developed" using a specific "software authoring platform." As Wapp's Complaint (*e.g.*, as to cl. 1 of that patent) makes clear, that "platform" is the accused Micro Focus Software Suite; Wapp will have to show that the "platform," *i.e.*, the Micro Focus software, infringes to show that the alleged Bank of America app infringes.

<u>Finally</u>, even *if* Bank of America's use of the Micro Focus Software Suite, whether alone or

---

[2] *See, e.g.*, Dkt. No. 1-15 (Ex. 5) at 15 ("In order to simulate transactions, it is necessary to create scripts . . . ."), 17 ("These scripts can then be easily modified . . . ."), 17 ("You use a VuGen to develop a Vuser script . . . ."), 18 (the product "supports the following Mobile application scripting methods . . . ."), 20 ("The protocol enables the developer or DevOps engineer to record user interactions on the mobile application and create a TruClient script."); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l plc*, No. 4:18-cv-00469-ALM (E.D. Tex.), Dkt. No. 1-5 (Ex. 5) at 15–20.

3

in combination with some "proprietary software," could be construed as a modification, that modification still would not negate the propriety of a stay because of the substantial overlap in the infringement and validity issues. *See In re Google Inc.*, 588 F. App'x 988, 990–91 (Fed. Cir. 2014) (reversing denial of stay given the overlap of infringement and validity issues even where customers had the ability to modify and customize the accused software).

  B.  **Wapp's Remaining Arguments Fail**

  1. **<u>Wapp cannot obtain a double recovery</u>**.  If Wapp obtains damages for infringement in the manufacturer suit, Wapp will be precluded as a matter of law from obtaining a recovery against Bank of America, even if based on a different damages "model" as Wapp contends.  Opp. at 11–12.  A "party is precluded from suing to collect damages for direct infringement by a *buyer and user* of a product when actual damages covering that very use have already been collected from the *maker and seller* of that product." *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (emph. added); *see also Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088-RGA, 2012 WL 2803695, at *2 (D. Del. July 10, 2012) (granting a stay under the customer suit doctrine, and, based on *Glenayre,* holding that damages paid by the manufacturer for infringement by a product would bar further damages against customers for use of the product).  This applies even if the accused "Micro Focus" software comprises only a portion of the overall accused system. *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 631 (2008).  Thus, even if Wapp is permitted to rely on the new infringement allegations first disclosed in its Opposition, Wapp cannot recover damages from Bank of America if it first recovers damages from Micro Focus.

  2. **<u>Bank of America's agreement to be bound is sufficient</u>**.  Wapp argues that Bank of America's agreement to be bound by a final judgment of liability against the manufacturer (Dkt. No. 12 at 10–11) is insufficient to support a stay because Bank of America also has not agreed to be bound by any injunction.  Opp. at 13.  That is irrelevant.  A "manufacturer's case need only

have the potential to resolve the 'major issues' concerning the claims against the customer—*not every issue*—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)) (emph. added); *St. Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 37129112, at *2 (E.D. Tex. July 12, 2017). Regardless, Wapp seeks no injunction in its case against Micro Focus. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l plc*, No. 4:18-cv-00469-ALM (E.D. Tex.), Dkt. No. 1 at 27–28. Nor could it, as Wapp does not allege it competes in this market. *Bianco v. Globus Med., Inc.*, No. 2:12-cv-00147-WCB, 2014 WL 1049067, at *6 (E.D. Tex. Mar. 17, 2014) ("[W]here the patentee and the accused infringers are not competitors, the courts in this district have generally refused requests for injunctive relief.").

        3. **The customer suit doctrine is not limited to resellers.** Wapp also argues the customer suit doctrine does not apply because "Bank of America is not a reseller or distributor." Opp. at 12. But the doctrine is not so narrow. *Google*, 588 F. App'x at 990–91; *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-cv-495-WCB, 2018 WL 4002776, at *5–6 (E.D. Tex. Aug. 22, 2018) (rejecting argument that customer was not a "reseller or distributor," holding that use was sufficient).

        4. **Wapp identifies no recognized prejudice.** The only purported "prejudice" that could be gleaned from Wapp's opposition is that its "ability to recover from Bank of America could be delayed by 1–2 years." *Id.* It is well established, however, that "delay alone is not sufficient to defeat a motion to stay." *SynQor, Inc. v. Vicor Corp.*, No. 2:14-cv-287-RWS-CMC, 2015 WL 12916396, at *4 (E.D. Tex. Nov. 24, 2015) (citation omitted). A "more particularized showing of harm" by Wapp is required—a showing Wapp cannot make. *See id.*

### III. CONCLUSION

        Based on the foregoing, Bank of America respectfully requests that the Court grant this motion and stay this action pending final resolution of the manufacturer litigation.

Dated: November 8, 2018     By: */s/ Mark N. Reiter*
                                Mark N. Reiter
                                Lead Counsel
                                Texas State Bar No. 16759900
                                mreiter@gibsondunn.com
                                GIBSON, DUNN & CRUTCHER LLP
                                2100 McKinney Avenue, Suite 1100
                                Dallas, Texas 75201-6912
                                Telephone: 214.698.3360
                                Facsimile: 214.571.2907

                                Neema Jalali
                                California State Bar No. 245424
                                njalali@gibsondunn.com
                                GIBSON, DUNN & CRUTCHER LLP
                                555 Mission Street
                                San Francisco, CA 94105-0921
                                Tel: 415.393-8224
                                Fax: 415. 374-8436

                                ***Attorneys for Hewlett Packard Enterprise Company***

6

## CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

                                                  */s/ Mark N. Reiter*
                                                  Mark N. Reiter