# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. <br><br> v. <br><br> BANK OF AMERICA CORP. | § <br> § <br> § Civil Action No. 4:18-CV-00519 <br> § Judge Mazzant <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Bank of America Corp.'s Motion to Stay (Dkt. #12). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied as premature.

## BACKGROUND

Between July 2, 2018, and July 20, 2018, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. filed this case and three other related cases in this Court. *See Wapp Tech Ltd. P'ship v. Hewlett-Packard Enter. Co.*, 4:18-CV-00468-ALM; *Wapp Tech Ltd. P'ship v. Micro Focus Int'l PLC,* 4:18-CV-469-ALM; *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, 4:18-CV-501-ALM. In these cases, Plaintiffs allege that certain software products once owned by Hewlett-Packard Enterprise Company ("HP") and now owned by Micro Focus International plc ("Micro Focus") and its subsidiaries infringe on United States Patent Numbers 9,971,678, 9,298,864, and 8,924,192 (collectively, "patents-in-suit").

### I. The Micro Focus Subsidiary Suit

In Plaintiffs' case against Micro Focus, Micro Focus filed a motion to dismiss for lack of personal jurisdiction. *Micro Focus Int'l PLC,* 4:18-CV-469-ALM, Dkt. #12. After conducting jurisdictional discovery, Plaintiffs responded contending that the contacts of Micro Focus's subsidiaries operating in Texas could be imputed to Micro Focus because the subsidiaries were

Micro Focus's alter egos.  *Id.* at Dkt. #30.  Considering the motion and relevant pleadings, the Court found that Plaintiffs could not establish a *prima facie* case that Micro Focus's subsidiaries were Micro Focus's alter egos.  *Id.*  Therefore, the Court dismissed Micro Focus from the suit, but allowed Plaintiffs to add five of Micro Focus's alleged subsidiaries to the suit: Seattle SpinCo Inc. ("SSI"), EntIT Software LLC ("EntIT"), EntCo Interactive (Israel) Ltd., Entco Government Software LLC, and Micro Focus (US) Inc.  (collectively, the "Subsidiary Suit" or "Subsidiary Defendants").  *Id.*

## II. The Delaware Litigation

Instead of seeking to intervene in one of the cases filed in this Court, on October 15, 2018, SSI and EntIT filed a declaratory judgment action against Plaintiffs in the United States District Court for the District of Delaware ("Delaware Litigation").  *Seattle SpinCo, Inc. v. Wapp Tech Ltd. P'ship*, 1:18-CV-01585-RGA (D. Del.).  In the Delaware Litigation, SSI and EntIT assert that they manufacture and sell the Application Testing and Delivery Management ("ADM") software at issue and seek a declaratory judgment of non-infringement, invalidity, and ineligibility concerning the patents-in-suit.  *Id.* at Dkt. #1 ¶¶ 21–22, 32–96.  On November 27, 2018, Plaintiffs moved to dismiss, transfer, or stay the Delaware Litigation.  *Id.* at Dkt. #9; Dkt. #10.  In their opening brief, Plaintiffs argued the District of Delaware lacked subject matter jurisdiction over the Delaware Litigation and, alternatively, that the case should be dismissed, stayed, or transferred pending the litigation in this Court.  *Id.* at Dkt. #10.  On March 15, 2019, the Honorable Richard G. Andrews stayed the Delaware Litigation and dismissed, without prejudice to re-urging, Plaintiffs' dismissal and transfer arguments.  *Id.* at Dkt. #39.

### III. The HP Suit

In Plaintiffs' suit against HP (the "HP Suit"), HP moved to stay the case pending the outcome of the Subsidiary Litigation. *Hewlett-Packard Enter. Co.*, 4:18-CV-00468-ALM, Dkt. #13. HP alleged that prior to September 1, 2017, it possessed a software business that included the ADM software (Dkt. #13 at pp. 7–8). In September 2017, HP entered into a transaction termed the "Seattle Transaction" in which HP transferred the ADM software to its subsidiary SSI and SSI's subsidiaries. SSI and its subsidiaries then separated from Defendant.[1] Defendant claims that in the Seattle Transaction, SSI and its subsidiaries assumed all responsibility for the ADM software and, therefore, Defendant divested itself of any liability arising from the ADM software. As part of its motion to stay, HP agreed to be bound by the infringement and invalidity findings in the Subsidiary Suit. The Court granted HP's motion to stay finding: (1) substantial overlap between Plaintiffs' cases against HP and the Subsidiary Defendants; (2) no undue prejudice to Plaintiffs caused by a stay; (3) that a stay would simplify the issues in the HP and Subsidiary Suits; and (4) the HP Suit was in its infancy.

### IV. Wells Fargo & Company and Bank of America Corporation

In this case—and Plaintiffs' case against Wells Fargo Co.—Defendant also moves to stay the case pending the outcome of the Subsidiary Suit or the Delaware Litigation. (Dkt. #11); *see Wells Fargo & Co.*, 4:18-CV-501-ALM, Dkt. #11.[2] Unlike the HP Suit, Defendant argues that the customer-suit doctrine, among other factors, warrants a stay of this case (Dkt. #12). Defendant filed its motion to stay on October 17, 2018 (Dkt. #12). Plaintiffs filed a response in opposition to the motion on November 1, 2018 (Dkt. #14). Defendant filed a reply in support of the motion on November 8, 2018 (Dkt. #15).

---

1. Based on its review of the four related cases, the Court assumes that Micro Focus later acquired SSI.
2. The motions to stay filed in this case and the Wells Fargo case are nearly identical.

## LEGAL STANDARD

A district court possesses the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In managing its docket, a district court must exercise judgment, weigh competing interests, and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *In re Google Inc.*, 588 F. App'x. 988, 990 (Fed. Cir. 2014) (citations omitted).

> When faced with a motion to stay litigation of an issue in the first-filed case, this Court considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."

*CyWee Group Ltd. v. Huawei Device Co. Ltd.*, 2:17-CV-495-WCB, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).[3] In determining whether to stay a case pending the resolution of a related case, district courts employ a "flexible approach" if doing so will result in "substantial savings of litigation resources." *In re Google Inc.*, 588 F. App'x. at 991.

---

3. Although these factors are applied when substantially similar cases are filed in separate courts. The Court finds the factors equally applicable when two substantially similar cases are filed in the same Court and the parties have not moved to consolidate the cases.

# ANALYSIS

## I. Customer-Suit Exception

Defendant moves the Court to stay this case pursuant to the customer-suit exception (Dkt. #12). "The customer-suit exception is an exception to the general rule that favors the forum of the first-filed action; it provides that where a manufacturer and its customer have both been sued, the action against the manufacturer should ordinarily proceed first, regardless of which action was first filed." *CyWee Group Ltd.*, 2018 WL 4002776, at *4; *see also Mirror Worlds Techs., LLC v. Dell Inc.*, 6:13-CV-941, 2014 WL 11268268, at *1 (E.D. Tex. Sept. 29, 2014) (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011)) ("When it applies, the customer-suit exception justifies a stay as to retailer defendants while litigation continues against a manufacturer defendant."). "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737–38 (1st Cir. 1977)). "A court may apply the customer-suit exception if it would 'facilitate just, convenient, efficient, and less expensive determination' of the issues." *Mirror Worlds Techs., LLC*, 2014 WL 11268268, at *1 (quoting *In re Nintendo*, 756 F.3d at 1365). "When cases are pending in the same venue, the court may exercise its general discretion to manage its docket and need not rely on the customer-suit exception." *Keranos, LLC v. Analog Devices, Inc.*, 2:10-CV-207, 2013 WL 12142656, at *2 (E.D. Tex. Jan. 10, 2013) (citing *Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008); *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)).

Defendant argues the case should be stayed pursuant to the customer-suit exception because (1) the accused products and functionalities are the same in this case as the Subsidiary Suit; (2) this case and the Subsidiary Suit involve the same patents-in-suit and infringement allegations; and (3) Defendant agrees to be bound by the final judgment—including the infringement and invalidity findings—of the Subsidiary Suit (Dkt. #12 at pp. 12–15). Plaintiffs respond that (1) Defendant is a true defendant; (2) Defendant's motion is premature; and (3) judicial economy favors denying Defendant's motion (Dkt. #14 at pp. 8–15).

The Court agrees with Plaintiffs that Defendant's motion is premature. Plaintiffs allege in their response to Defendant's motion that Defendant is a manufacturer of an accused system (Dkt. #14 at pp. 9–10). Plaintiffs claim that additional discovery is required to determine whether Defendant is truly a customer or a manufacturer. Reviewing the parties' arguments, the Court believes that Defendant's motion to stay pursuant to the customer-suit exception is premature as additional discovery should be conducted by the parties to determine whether Defendant is a customer or manufacturer of an accused system.

## II. Additional Factors

Defendant provides three additional factors to support its motion to stay: (1) this case is in its infancy; (2) the stay will simplify the issues in this case by resolving the issues in the Subsidiary Suit; and (3) Plaintiffs will suffer no prejudice because they may proceed on their claims in the Subsidiary Suit (Dkt. #12 at pp. 15–17). The first factor does not support Defendant's argument because although Defendant is correct—that this case is in its infancy—it is not yet clear whether a stay should be entered. The second and third factors also do not support the issuance of a stay due to the Court's decision on the customer-suit exception.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Stay (Dkt. #12) is hereby **DENIED** as premature.

**IT IS SO ORDERED.**

**SIGNED this 19th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE