# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP § <br> and WAPP TECH CORP. § <br> § <br> V. § <br> § <br> BANK OF AMERICA CORP. § | <br><br><br> CASE NO.   4:18cv519 <br> Judge Mazzant <br> |

## ORDER GOVERNING PROCEEDINGS
**(Patent Case)**

This case is **SET** for the Initial Rule 16 Management Conference before the undersigned on **Monday, October 28, 2019, at 9:00 a.m.** at the Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas.  Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present.  Continuance of the management conference will not be allowed absent a showing of good cause[1].

### A.  Rule 26 Attorney Conference

The Rule 26(f) attorney conference in this case must occur by **September 20, 2019.**  The conference may be by telephone.  Rule 26(f)requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (*See* Appendix B) and to file with the clerk **a joint report** outlining their proposals **no later than 14 days after the conference.**

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference.  Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge.   Parties consenting should file the appropriate form as soon as possible. See Local Rules for the  Eastern District of Texas, Local Rule CV-72, and instructions on the Court's Website at www.txed.uscourts.gov.

The parties must include the following matters in the joint conference report.

> (1)  Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B, including:.
>
>> a.  The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

---

[1] Before the case management conference, counsel and unrepresented parties should review the FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS, and the PATENT RULES of this court (all as most recently amended).  The Local Court Rules and the Patent Rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov)

    b.  The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed.

(2) If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.

(3) What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.

(4) The identity of persons expected to be deposed.

(5) Any issues relating to disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section E - Mandatory Disclosures)

(6) Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.

(7) Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

(8) Estimated trial time.

(9) The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

(10) Any other matters counsel deem appropriate for inclusion in the joint conference report.

## B. Motions to Transfer

Any motions to transfer shall be filed no later than twenty-one days before the Case Management Conference.

## C. Scheduling Conference

At the scheduling conference, counsel shall be prepared to discuss the proposed scheduling order and the following issues related to the Claim Construction Hearing:

(1) Whether the court will hear live testimony at the Claim Construction Hearing;

(2) The order of presentation at the Claim Construction Hearing;

(3) Estimated time limits for the Claim Construction Hearing.

## D. Protective Order

The Protective Order, attached as Appendix A is hereby entered in this case and shall apply to all discovery and disclosures herein.

### E. Contested Motion Practice

Counsel and parties shall comply with Local Rules CV-7, CV-10, CV-11, and for motions for summary judgement, CV-56, in addition to the Federal Rules of Civil Procedure. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response. **Labeled tabs** on the attachments to the **courtesy copy** will make it easier to find them.

Counsel are reminded to comply with this Court's Local Rules regarding courtesy copies (*See* Local Rule CV-5(a)(9)). Pursuant to Local Rule CV-7(b), **highlight** in the courtesy copy, the portions of the affidavits or other supporting documents which are cited in your motion or response.

### F. Safeguarding Personal Information

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

### G. Compliance with Patent Rules

The Local Patent Rules of the Eastern District of Texas (cited as P.R. ___), ( available on the Eastern District Website) shall apply to all proceedings in this case. In the absence of a showing of good cause by a party objecting to a required disclosure, the parties shall disclose, without further request or order, all information required by the Patent Rules in accordance with the deadlines set by the Rules.

### H. Mandatory Disclosures

To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Mandatory Disclosures shall be completed by the date set in the Scheduling Order entered after the Rule 16 management conference. Mandatory Disclosures consist of Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) and the information listed below:

(1)   the correct names of the parties to the action;

(2) the name and, if known, address and telephone number of any potential parties to the action;

(3) the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person (may be combined with list of persons required under Rule 26(a)(1)(A) so two list are not needed).

(4) depending upon agreements of the parties or ruling of the court, a copy of, or a description by category and location where each is available for inspection and copying, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party. In this regard, the parties might agree to exchange images of documents electronically or by means of computer disk instead of paper; or the parties might agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish copies of the disclosure materials. Various forms of staggered, or rolling, disclosures might be considered.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party."

The duty of disclosure is continuing and requires supplementation as set out in Fed. R. Civ. P. 26(e).

A party that fails to disclose any information required to be disclosed by any order of this court or the Patent Rules of this court will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

To the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Court's Patent Rules, the parties shall also, without waiting for a request from other parties, exchange, by the date set for Mandatory Disclosures, all such information relevant to those additionally pleaded claims or defenses involved in this action.

Absent agreement of the parties, depositions of witnesses shall not be taken until after the Initial Rule 16 management conference. Following the management conference, the court will enter a scheduling order establishing parameters of discovery and setting deadlines controlling disposition of the case.

## I. Discovery Limitations

Given the extensive disclosures required without a request from opposing party, absent further order of this court, discovery in this cause is limited to the disclosures described in this order, the Local Patent Rules and the Scheduling Order, together with 45 interrogatories, 45 requests for admissions, depositions on written questions of custodians of business records for third parties, and 40 hours of deposition time per side. "Side" means a party or a group of parties with a common interest. Time will count whether used in direct examination or cross-examination of any witness. Any party may move at the Initial Management Conference to modify these limitations for good cause.

## J. Privileged Information

There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information at the Initial Rule 26 Conference.  As directed in the Scheduling Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall  file with its response any proof in the form of declarations or affidavits to support  assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.    If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact.

### K.  Failure to Serve

Any defendant who has not been served with the summons and complaint within **90 days** after the filing of the complaint **shall be dismissed, without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. (*See* Fed. R. Civ. P. 4(m)).

### L.  Fictitious Parties

The name of every party shall be set out in the complaint (Fed. R. Civ. P. 10(a)).  The use of fictitious names is disfavored by federal courts.  *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869, 872 (7th Cir.  1997).  It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties.  Dismissal is without prejudice to the right of any party to take advantage of the provisions of Fed. R. Civ. P. 15(c).

### M.  Settlement

Plaintiff's counsel shall immediately notify the court upon settlement.

### N.  Compliance

Attorneys and *pro se* litigants who appear in this court shall comply with the deadlines set forth in the Federal Rules of Civil Procedure the Local Rules for the Eastern District of Texas as modified by  the Patent Rules of this court, and this court's orders.  A party is not excused from the requirements of an order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, the Patent Rules of this court, or any order of this court may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both.  If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonable withhold consent.  However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.  *See* Local Rule AT-3(j).

O. Resources

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains the Eastern District Local Rules and the Local Patent Rules, links to other judicial sites and other information. For a fee, the PACER system allows you to access case information *via* the internet. To establish a PACER account, call (800) 676-6856.

Appendices A and B are attached and incorporated herein.

**SIGNED this 21st day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. | § § § | |
| V. | § § | CASE NO. 4:18cv519 Judge Mazzant |
| BANK OF AMERICA CORP. | § § | |

## PROTECTIVE ORDER

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

(1) Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

(2) Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

(3) At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject

to confidential treatment as provided in this Order.  All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

(4) Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

(5) Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    (1) Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

    (2) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

    (3) The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

(6) Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents.  The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document.  Counsel for the party or parties

      receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

(7) The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

(8) To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition referring to the Protected Documents or information contained therein.

(9) Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(10) Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(11) The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

(12) After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the

> Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

(13) Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents.  The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

(14) This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

The Court anticipates that the parties may file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

**Appendix B**

# Proposed Deadlines

Parties are directed to discuss the proposed deadlines in conjunction with the E.D. Tex. Patent Rules.

| | |
|---|---|
| **10 days after Mgmt. Conf.** | P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (and P.R. 3-2 document production) to be served. |
| **5 weeks after Mgmt. Conf.** | Join Additional Parties |
| **To be discussed at Mgmt. Conf.** | Mediation. The Court will appoint a mediator at the Scheduling Conference. |
| **7 weeks after Mgmt. Conf.** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **5 weeks after Mgmt. Conf.** | P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) to be served. To extent not already required to be disclosed, exchange Mandatory Disclosures on all issues, including damages. |
| **No later than 45 days after Mgmt. Conf.** | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1). |
| **No later than 65 days after Mgmt. Conf.** | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| **13 weeks after Mgmt. Conf.** | Parties' Final Amended Pleadings **(A motion for leave is required.)** |
| **No later than 95 days after Mgmt. Conf.** | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| **16 weeks after Mgmt. Conf.** | Respond to Amended Pleadings |

| | |
|---|---|
| **No later than 125 days after Mgmt. Conf.** | Completion date for discovery on claim construction (P.R. 4-4). |
| **No later than 140 days after Mgmt. Conf.** | Opening claim construction brief (P.R. 4-5(a)). |
| **No later than 2 weeks after claim construction brief** | Responsive claim construction brief (P.R. 4-5(b)). |
| **No later than 7 days after response** | Reply claim construction brief (P.R. 4-5©). |
| **4 weeks before claim construction hearing** | Submit technology synopsis/tutorial (both hard copy and disk). |
| **At least 10 days before claim construction hearing** | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| | Proposed Claim Construction hearing, **Monday, April 20, 2020,** at **9:00 a.m.** at the Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas 75090. |
| **5 weeks after claim construction hearing** | Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| **9 weeks after claim construction hearing** | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(a)(2)(B). |
| _____ | Comply with P.R. 3-7. (Designation of Wilfulness Opinions). |

| | |
|---|---|
| **11 weeks after claim construction** | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B).<br>**Note:   Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| **13 weeks after claim construction hearing (no later than 110 days prior to the filing of the Joint Final PTO)** | File Dispositive Motions and any other motions that may require a hearing.  Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions.  Each individual motion shall comply with Local Rule CV-7.<br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).** |
| **13 weeks after claim construction hearing** | Discovery Deadline.  All discovery must be served in time to be completed by this date. |
| **5 weeks before docket call** | Notice of intent to offer certified records |
| **5 weeks before docket call** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* www.txed.uscourts.gov) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| **4 weeks before docket call** | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |

-14-

| | |
|---|---|
| **30 days before docket call** | Motions in limine due |
| | File Joint Final Pretrial Order.  Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies |
| **2 weeks before docket call** | Response to motions in limine due |
| | File objections to witnesses,  deposition extracts, and exhibits, listed in pre-trial order.  (This does not extend the deadline to object to expert witnesses).  If numerous objections are filed the court may set a hearing prior to docket call. |
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| **December 4, 2020** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas 75090. |
| _____ | 10:00 a.m. Jury Selection and Trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. |