# EXHIBIT C

| | |
|---|---|
| **Subject:** | RE: Request for Meet and Confer Regarding Wapp's Deficient Patent Local Rule 3-1 Contentions |

**From:** Jalali, Neema <NJalali@gibsondunn.com>
**Sent:** Thursday, November 14, 2019 9:29 PM
**To:** Henrik Parker <hparker@devlinlawfirm.com>; Reiter, Mark <MReiter@gibsondunn.com>
**Cc:** Morgan, Ashbey <ANMorgan@gibsondunn.com>; Bekier, Jordan <JBekier@gibsondunn.com>; Andrew DeMarco <ademarco@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>; 'Jeff Toler' <jtoler@tlgiplaw.com>
**Subject:** RE: Request for Meet and Confer Regarding Wapp's Deficient Patent Local Rule 3-1 Contentions

Dear Rik,

To facilitate our meet-and-confer tomorrow at 2 PM ET, we write on behalf of the served Micro Focus entities, Bank of America, and Wells Fargo (collectively, "Defendants") in the three cases with additional detail regarding deficiencies in Exhibit 1 to Wapp's infringement contentions. We note that this detail is merely illustrative, as we do not address here all the deficiencies in Wapp's infringement contentions.

***Deficient identification and charting of accused products.*** First, Wapp's infringement contentions improperly agglomerate discrete software products and functionalities into a single claim chart (Exhibit 1) without properly identifying and charting each product or functionality or distinguishing between accused instrumentalities.

More specifically, Wapp's infringement contentions broadly define the "Micro Focus-related Accused Systems" as "including, but not limited to, the Micro Focus Software Suite, which includes HP LoadRunner, HP Performance Center, HP StormRunner, HP Mobile Center, Shunra Network Virtualization, HP Network Virtualization engine, HP Network Virtualization for Mobile, HP Network Capture, and/or any Micro Focus products related to any of the foregoing." (*E.g.*, Infringement Contentions against Micro Focus at 2.)

This list of purportedly accused products is improperly unbounded, as it is allegedly "not limited to" the identified software and purports to include unnamed "related" Micro Focus products. Wapp was required to provide a specific identification of each accused instrumentality. *See* P.R. 3-1(b) (requiring a disclosure of each known "accused apparatus, product, device, process, method, act, or other instrumentality" that is "as specific as possible"). Accordingly, Wapp must withdraw the open-ended nature of its identification of accused products. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *3–4 (E.D. Tex. July 14, 2017) (effectively striking similar language and holding that such language, "whether in the current contentions or in any future contentions, has no effect under the rules and may be disregarded by" the defendant). Defendants will not treat any unnamed product as an accused instrumentality.

Additionally, even as to the specifically named software, Wapp's claim charts are deficient. Wapp's definition of "Micro Focus-related Accused Systems" includes several different and distinct products, features, and technologies, as Wapp itself acknowledges. *See, e.g.*, Dkt. No. 76 at ¶¶ 29–36 (distinguishing accused products by separate title and description). However, Wapp does not chart each accused product, and instead provides only a single claim chart that improperly combines purported evidence of infringement for these products together. There are several problems with this approach.

For example, Wapp's Exhibit 1 claim chart in many places does not specify to which accused product(s) each cited piece of evidence is directed. Additionally, Wapp's claim chart does not explain how *each* accused product allegedly meets *each* claim limitation. Instead, for any given claim element, Wapp's chart cherry-picks information about a subset of accused products (sometimes only one product), meaning that the chart is silent for many claim limitations for many

accused products.  Indeed, Wapp does not show how *any* claim elements are allegedly met by the "HP StormRunner" or "HP Mobile Center" accused products.

Providing alleged evidence of infringement for one accused product for a claim limitation does not suffice to show how a different accused product meets that claim limitation.  Rather, Wapp must provide a separate infringement claim chart for each accused instrumentality, and must show how each accused instrumentality meets each limitation of each asserted claim.  *See* P.R. 3-1(c) (requiring a "chart identifying specifically where each element of each asserted claim is found within *each Accused Instrumentality*" (emphasis added)); *see also Alacritech*, 2017 WL 3007464, at *3–4 (ordering plaintiff to "either (1) chart every model of the different Intel accused instrumentalities or (2) explain and support, as part of its contentions, with specificity and supporting documentary or declaratory evidence, its assertions there are no material differences between the accused devices that affect its infringement theories for the uncharted products relative to the charted products").

Alternatively, if Wapp's position is that two or more of the listed products or functionalities combine to constitute a single accused instrumentality, Wapp must so state, and must identify the accused instrumentality expressly in this fashion.  *See* P.R. 3-1(b).  Moreover, if Wapp's position is that a claim chart for one accused product is representative for certain other uncharted products, then Wapp must so state and explain in its contentions why the chart is representative for those products.  *See UltimatePointer, LLC v. Nintendo Co., Ltd.*, No. 6:11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013) ("To designate and chart only an exemplar accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented.  Plaintiff must also compare each exemplar product to each asserted patent on a claim by claim, element by element basis.").

This Court's requirement for Wapp to provide proper infringement contention is intended, among other things, to put Defendants on notice of Wapp's actual infringement allegations, and to help define the boundaries of discovery.  Wapp's deficient contentions fail to further these goals.  Wapp appears to be using the artificial construct of an accused system to justify discovery into products not accused and which clearly do not infringe in an effort to burden Defendants and inflate Wapp's damages claim.

*Insufficient infringement allegations for claim elements.*  Separate from the issue of improper combination of products, Wapp's Exhibit 1 claim charts largely fail to show, for any accused product, "where each element of each asserted claim is found within each Accused Instrumentality."  *See* P.R. 3-1(c).  By way of example, Wapp fails to properly allege how any accused product meets the claimed "software authoring interface," "simultaneously visually emulate," "profile display windows," and "network characteristics" ('192 patent, cl. 1), "software" ('864 patent, cl. 1), and "software testing interface" ('678 patent, cls. 1, 26, 37, and 45).

These deficiencies must be corrected immediately.  We look forward to speaking with you tomorrow.

**Neema Jalali**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8258 • Fax +1 415.374.8409
NJalali@gibsondunn.com • www.gibsondunn.com