IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO ENFORCE P.R. 3-1**

Pending before the Court is Defendant's Motion to Enforce P.R. 3-1 ("the Motion"). The Court, having considered the Motion, finds that the Motion should be granted.

Accordingly, it is **ORDERED** that Defendant's Motion to Enforce P.R. 3-1 is hereby **GRANTED**. It is therefore **ORDERED** that:

1) Plaintiffs' definition of "Micro Focus-related Accused Systems" as used in Plaintiffs' Updated Disclosure of Initial Infringement Contentions Pursuant to P.R. 3-1 and 3-2 (the "Revised Contentions") is **STRICKEN**, and Plaintiffs' "Accused Instrumentalities" are limited to the specific combinations of products appearing in Plaintiffs' P.R. 3-1(c) charts;

2) Plaintiffs' universal reliance P.R. 3-1(g) in Exhibits 3–6 of the Revised Contentions is **STRICKEN**, and Plaintiffs must identify within fourteen (14) days of the date of this Order *only* those elements that it contends are software limitations;

3) Exhibits 4–6 of the Infringement Contentions are **STRICKEN** in their entirety; and

4) Plaintiffs shall serve within fourteen (14) days of the date of this Order Plaintiffs' Second Set of Revised Infringement Contentions in compliance with P.R. 3-1, *specifically* identifying where *each* element of each asserted claim is found within *each* Accused Instrumentality.