# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
<u>MOTION TO ENFORCE P.R. 3-1</u>**

Through the accusations of mudslinging and discovery misconduct—conduct Wapp has not raised with Defendant by way of a meet-and-confer nor raised with the Court by motion—Wapp attempts to divert the Court's attention from the numerous deficiencies in its Revised Contentions. Those attempted diversions, however, have had the opposite effect; they have highlighted how the Revised Contentions fail to satisfy the notice function of the patent rules, while also improperly creating loopholes that facilitate Wapp's shifting sands litigation tactics in an obvious attempt to accuse a non-Micro Focus product and delay a stay. *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). In particular, Wapp's response highlights that:

- the Revised Contentions provide no notice of what products, or combinations of products, Wapp actually accuses of infringement;

- the Revised Contentions indiscriminately invoke P.R. 3-1(g) to provide Wapp with an unlimited license to "update/supplement its infringement contentions" (Dkt. #44 at 4);

- the Revised Contentions (Exhibits 4-6) blankly identify unnamed "Additional Accused Systems" to excuse the type of discovery fishing expeditions the patent rules avert (Dkt. #42 at 11); and

- the Revised Contentions (Exhibits 1-3) confusingly present a rainbow of color-coded text and block quotes that place any semblance of notice in a haze.

Because of these deficiencies, Defendant respectfully requests that the Court enforce P.R. 3-1 by striking those portions of the Revised Contentions that fall far outside the Rules while compelling Wapp to clarify those aspects of the contentions that purport to identify an infringement theory.

**What Are The Accused Products?** Wapp relies heavily on its assertion that the Micro Focus products "act as a system and are used as an integrated whole" to argue that it "specifically laid out . . . what systems it considered to be infringing." Dkt. #44 at 2. Wapp even accuses Defendant of "ignoring" this assertion. *Id.* But this assertion, which Defendant, contrary to ignoring, addressed in an entire paragraph (Dkt. #42 at 8), adds confusion—not specificity.

1

Indeed, as Defendant explained, this so-called definition of "Micro Focus-related Accused Systems" appears to accuse individual products, unnamed combinations of the individual products, and, now,[1] based on Wapp's response (Dkt. #44 at 2-3), unnamed combinations of unnamed "components" of these individual products or a single combination of *all* named products.  But Wapp's claim charts (Exhibits 1-3) only chart certain combinations of certain named products. *See* Dkt. #42 at 7.  Wapp even seems to agree that its claim charts are narrower than its definition of "Micro Focus-related Accused Systems," stating that if it later learns that "a single component, or some subset combination of components," meets the claim limitations, it will update its contentions.  Dkt. #44 at 3.  The absence of agreement between Wapp's boilerplate definition of accused products and the claim charts defeats the notice function of the Rules.

At bottom, Wapp's Revised Contentions cannot cover any combination of the named products because Wapp (1) fails to provide "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality," (2) fails to explain how each named product is "technically or functionally equivalent" to that which Wapp actually does chart, and (3) fails to show that there are "no material differences between the accused products that affect its infringement theories for the uncharted products." *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017); *Alacritech Inc. v. Century Link, Inc.*, 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017).  Given these failures, the Court

---

[1]  To support this assertion, Wapp cites to a YouTube video *not* identified in its Revised Contentions.  Dkt. #44 at 3.  The Rules, however, require Wapp to "rigorously analyze all publicly available information before bringing suit and [to] explain with great detail [its] theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).  Wapp's late reference to this previously uncited video illustrates how Wapp continues to employ ambush-style litigation tactics.

should strike Wapp's definition of the accused instrumentalities and limit Wapp to the specific combination of products actually charted.

**P.R. 3-1(g).** Wapp does not challenge that it ubiquitously invokes P.R. 3-1(g), justifying that universal invocation by asserting that the "claim limitations are, at their foundation, software-related." Dkt. #44 at 4. But as Defendant explained, P.R. 3-1(g) is limited to claim elements that are "software limitations," which are limitations that require source code to demonstrate how a particular claim element is met. Dkt. #29 at 5; Dkt. #42 at 9-10. Thus, P.R. 3-1(g) does not cover all things "software-related," nor does it serve as an unbounded license to discovery and supplementation. Additionally, with respect to Exhibits 4-6, Wapp uses P.R. 3-1(g) as a loophole to excuse its complete lack of detail. The Rule is no loophole and does not invite placeholder contentions. Respectfully, the Court should strike Wapp's improper use of P.R. 3-1(g) and compel Wapp to delineate which of the claim elements are software elements that require source code.

***"Additional Accused Systems"—Exhibits 4-6.*** Wapp begins its response covering the "Additional Accused Systems" by acknowledging that "the primary function of the infringement contentions is notice." Dkt. #44 at 4. This is ironic given that not a single infringement theory, much less an accused product, can be discerned from Exhibits 4-6. Wapp does not identify a single non-Micro Focus product[2] or where a single claim element is found within the unknown "Additional Accused Systems." Wapp does not cite to a single piece of evidence to explain its bases for asserting that these unknown "Additional Accused Systems" infringe. Rather, Exhibits 4-6 task Defendant with the impossible challenge of both determining what products might infringe and how those products might infringe. Stated differently, despite acknowledging the

---

[2] As explained in the underlying motion to enforce, Wapp has failed to demonstrate that "UI TestRunner" is even a product, much less a "proprietary" Bank of America product, and if a product, has also failed to provide any basis to claim it infringes. Dkt. #44 at 11.

3

notice function of the Rules, and despite Wapp's prior promises that it had infringement theories for non-Micro Focus products to oppose the motion to stay (Dkt. #44 at 3), Wapp provides absolutely no notice with respect to any infringement by the "Additional Accused Products." Not only does this lack of notice prejudice Defendant's ability to engage in the claim construction process, which is well underway, but also it prejudices Defendant, who is merely a customer, by forcing it to continue to participate in this litigation when Wapp cannot lay out any sort of theory as to any non-Micro Focus product.

Wapp sidesteps the obvious deficiencies of Exhibits 4-6 by diverting the Court's attention to discovery complaints that are not before the Court. Indeed, Wapp has neither requested a meet-and-confer nor filed a motion to compel; Wapp *first* made Defendant aware of these complaints in its response.[3] The issue before the Court is whether Exhibits 4-6 give Defendant notice of Wapp's infringement theories. They do not and the Court should strike Exhibits 4-6 in their entirety.

***The Confusing Color-Coded Exhibits 1-3.*** As Defendant explained, for the "Micro Focus-related Accused Systems," Wapp uses confusing color-coding to purportedly link some (but not all) of the claim elements to excerpts from product user manuals. In its response, Wapp acknowledges much of what Defendant explained: Wapp does use the same color to address different limitations in one claim and Wapp does not color-code all of the limitations. Dkt. #44 at

---

[3] Contrary to Wapp's arguments, the cases Wapp cites do not broadly permit discovery into unnamed products; instead, they require very specific showings before allowing such discovery. For example, in *Honeywell*, before allowing discovery, the court required the plaintiff to show that the information sought was not publicly available, that it gave defendant notice of a specific theory of infringement, that the unnamed products operate in a manner reasonably similar to that theory, and that it has diligently sought the information it seeks. *Honeywell Int'l, Inc. v. Acer America Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009); *see also Imperium (IP) Holdings, Inc. v. Apple, Inc., et al.*, Case No. 4:11-CV-163, Dkt #164 (E.D. Tex. Apr. 11, 2012). Wapp has made no such showing but simply seeks discovery regarding any product that might be used to simulate mobile networks or mobile devices.

9-10. To start, that Wapp has to explain its color-coding demonstrates the confusion. For example, Wapp contends that "the profile display windows illustrated in the screen shot are a specific example of a 'software testing interface.'" But nothing in Wapp's chart provides that explanation. The green text, which is merely copied from the product user guides, in no way reveals how the profile display windows are a software testing interface. *See* Dkt. #42-3 at B-13-B-16. Even more internally inconsistent, Wapp's charts state: "The window highlighted in green is a profile display window," but the purported screenshot that follows contains *two* green boxes; it is unclear which green box is the alleged "profile display window." *Id.* at B-13. A similar problem arises with the two purple color-coded claim elements—"network characteristics" and "bandwidth availability." Again, Wapp includes several purple boxes and purple color-coded excerpts but does not distinguish to which of the two purple color-coded claim elements those refer.

Wapp argues that the absence of color-coding for all limitations "is of no moment" and there exist many ways to aid the reader. Dkt. #44 at 10. While color-coding might be one way of "aiding the reader," by providing no explanation (color-coding or otherwise) to aid the reader, Wapp provides the reader with no notice of its infringement theories. Indeed, where Wapp omits color, Wapp merely provides block quotes from user manuals. And to the extent Wapp contends that merely providing screenshots and block quotes from the manuals suffices, the cases say otherwise. *See Rapid Completions LLC v. Baker Hughes Inc.*, 2016 WL 3407688, at *5 (E.D. Tex. June 21, 2016) ("Merely block quoting a defendant's own documents only shows how the defendants believe their own products operate."). In light of these deficiencies, Defendant requests that the Court compel Wapp to (1) fix its color-coding; (2) clearly link which claim element is allegedly met by which cited excerpt; and (3) identify where each element of each claim is found.

Based on the foregoing, Defendant respectfully requests that the Court grant its motion.

| | |
|---|---|
| Dated:  January 14, 2020 | By: */s/ Mark N. Reiter* <br> Mark N. Reiter <br> Lead Attorney <br> Texas State Bar No. 16759900 <br> mreiter@gibsondunn.com <br> Ashbey N. Morgan <br> Texas State Bar No. 24106339 <br> anmorgan@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 2001 Ross Avenue, Suite 2100 <br> Dallas, TX 75201-6912 <br> Telephone: 214.698.3100 <br> Facsimile: 214.571.2907 <br><br> Neema Jalali <br> njalali@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 555 Mission Street, Suite 3000 <br> San Francisco, CA 94105-0921 <br> Telephone: 415.393.8200 <br> Facsimile: 415.374.8409 <br><br> *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ Mark N. Reiter*
Mark N. Reiter
