# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORP. <br><br> Defendant. | Case No. 4:18-CV-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE P.R. 3-1

Timothy Devlin (DE 4241)
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue,
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
Attorneys for Plaintiffs
Wapp Tech Limited Partnership
and Wapp Tech Corp.

Dated:   January 20, 2020

**I.      INTRODUCTION**

Nothing in Bank of America's Reply avoids the reality that Wapp's Updated Contentions (attached as Ex. B to the Motion to Enforce) are sufficiently detailed and clear so as to provide the notice required by P.R. 3-1. The manner in which Wapp identified the Micro Focus-related Accused Systems is entirely appropriate, and Wapp provided as much notice as it could with respect to the Additional Accused Systems while committing to updating the claim charts for those systems once Bank of America has provided reasonably sought discovery. Finally, Bank of America's specific complaints as to particular aspects of the claim charts do not rise to any level requiring more from Wapp. The Motion to Enforce should be denied.

While the Reply fails to create any legitimate issue, it does make several inaccurate or misguided suggestions that unfortunately warrant a short response.

**II.     ARGUMENT**

First, in footnote 1, Bank of America argues that Wapp is not allowed to offer any evidence in support of its Opposition beyond that contained in the challenged Updated Contentions and then provides a case quote that has no reasonable bearing on the point. *Connectel, LLC v. Sisco Sys., Inc.*, 391 F.Supp.2d 526 (E.D. Tex. 2005), involved a situation where there were "shotgun accusations of hundreds of products infringing hundreds of claims." That is certainly not the case here and, contrary to Bank of America's hyperbole, there is no "ambush" going on. The referenced YouTube video was cited by Wapp as confirming ***what had already been asserted***, illustrating how the various component pieces of software are integrated together into the Accused Systems.

Second, Bank of America's argument on Reply pages 1-2 is both circular and misleading. Despite acknowledging that Wapp contended that the Micro Focus products "act as a system and are used as an integrated whole," Bank of America nevertheless argues that Wapp accuses

1

"individual products, unnamed combinations of individual products, and… unnamed combinations of unnamed 'components' of these individual products or a single combination of *all* named products." (*Id.* at 2.) Bank of America then goes on to contend that Wapp's claim charts "only chart certain combinations of certain named products." *Id.* It is clear upon inspection, however, that the Updated Contentions cite to exemplars of the Micro Focus-Related Accused Systems, *i.e.*, the integrated combination of component software. While there have been multiple versions of the component software over the years, the presence of the claim limitations' functionalities in each software component has not changed from version to version (based on information available to Wapp). Thus, citing to the components provides evidence of infringement for the system as a whole.

Third, as to the Additional Accused Systems set out in Exhibits 4-6, while Bank of America makes reference to the "plethora of public information" relating to their products, the outwardly-facing, sold products are not what is being discussed in these Exhibits. Rather, the point of these exhibits was to provide notice that there are additional products being created *within* the various defendants that Wapp believes also infringe. Again, Wapp provided as much information as it could with respect to these additional products at the present time. Wapp is in no way attempting to "hide the ball."

Even Bank of America's effort to avoid legitimate discovery by improperly attempting to put the onus on Wapp to justify such discovery is meritless. In particular, although Wapp's Opposition cited to multiple cases from this District supporting the propriety of Wapp's sought discovery as to the scope of additional potentially infringing systems (Opp. at 7-8), Bank of America continues to disagree. Notably, however, Bank of America does not dispute that Wapp is allowed to seek information about products that are not specifically identified in the updated contentions.

Citing *Honeywell Int'l, Inc. v. Acer America Corp.*, 655 F.Supp.2d 650, 656 (E.D. Tex. 2009), Bank of America contends only that – as a prerequisite to seeking such discovery – Wapp needs to show that: (1) its infringement contentions give notice of a specific theory of infringement; (2) the products for which it seeks discovery operate reasonably similarly to that theory; and (3) that it has diligently sought this information. *Id.* at 656. But, just as was found in *Honeywell* (where the plaintiff at accused 3 products and was allowed discovery of 600 similar products)*,* Wapp has done just that. Exhibits 1-3 of its Updated Contentions lay out how the integrated system meets the claim elements; the specificity of its discovery requests (as well as the discussion both in the Updated Contentions and in various briefs submitted to this Court) illustrate how the products for which Wapp seeks discovery operate in a reasonably similar manner; and Wapp does not believe that the information sought is publicly available. There can be no reasonable dispute that the discovery that Wapp seeks concerns "products reasonably similar to the accused product." *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Nos. 2:05-CV-163, 2:05-CV-356, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007), *quoted in Imperium (IP) Holdings, Inc. v. Apple, Inc.*, Case No. 4:11-CV-163, Dkt #164 at 3 (E.D. Tex. Apr. 11, 2012).

Fourth, Bank of America's arguments regarding Wapp's color coding (Reply at 4-5) border on the frivolous. The claimed limitation about which Bank of America complains most vocally states "a software testing interface configured to. . . visually simulate, via one or more profile display windows" and Bank of America complains that Wapp has failed to make the connection between the "interface" and the "profile display windows." There is simply no need, however, for explicit words stating that the "profile display windows" are the specific example of the "interface" since that is clear from the words themselves.

Fifth, Bank of America's implication that Wapp is simply providing block quotations from user manuals (Reply at 5) is inaccurate and misleading.  Even a cursory examination of the page on which Bank of America spends so much time (D.I. 134-3 at B-13) shows Wapp's inclusion of extensive discussion relating the Micro Focus-Related Accused Systems to the claim limitations.  Wapp's Updated Contentions clearly link the claim limitations to the accused products and illustrate/identify where each element of the claims is found.  No more is required.

### III.   CONCLUSION

Wapp has done more than is required in its Updated Contentions.  Bank of America's Motion to Enforce P.R. 3-1 should be denied.

Dated:  January 20, 2020                              DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE 4241)
1526 Gilpin Avenue
Wilmington, DE  19806
(302)-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.*

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on January 20, 2020.

>	*/s/ Timothy Devlin*
>	Timothy Devlin