IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA CORP.,<br><br>    Defendant. | Case No. 4:18-cv-00519-ALM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S SUR-REPLY TO
WAPP'S MOTION TO COMPEL**

Willfully blind to this District's Patent Rules, the case law supporting those Rules, the Micro Focus Defendants' commitments, and even its own conduct, Wapp supports its motion to compel with unsupported accusations and misrepresentations. The motion should be denied.

Wapp makes apparent its disregard for the Rules of this District in the very first paragraph of its reply where it demands discovery of products "within the definition of the term 'Accused Instrumentality.'" But Wapp's after-the-fact definition of "Accused Instrumentality" is irrelevant, as is its contention that the products for which it seeks discovery fall within that definition. What is relevant—and what Wapp continues to ignore—is what Wapp accused in its P.R. 3-1 contentions. As Defendant explained, and as this Court has recognized, to go beyond those contentions a plaintiff bears a burden (the *"Honeywell* factors")—to the extent Wapp acknowledges the burden, it only complains that it should not bear the burden. Tellingly, in its reply, Wapp does not address what it has done, e.g., product investigations, evaluations of public information, much less provide a declaration detailing its efforts—because it has done nothing. Wapp brought this case; Wapp chose this Court; Wapp should have done its homework.

In further disregard for the facts, Wapp shifts the focus of its motion to working copies of a broad set of products for which it seeks discovery. First, and to be clear, the Micro Focus Defendants committed to making working copies of the products accused in Wapp's P.R. 3-1 contentions available. Dkt. #170-1 in 4:18-cv-469. The Micro Focus Defendants made that commitment by email prior to the Court's telephonic conference and, at the same time, asked Wapp to respond to Defendant's discovery requests. *See id.* Wapp never responded, and, worse, Wapp fails to apprise the Court of that commitment. Next, as to Wapp's demand for working copies of non-accused products, that demand should be treated no differently than Wapp's general demand

1

for discovery of non-accused products. Wapp ignores its burden to satisfy the *Honeywell* factors, and having failed to satisfy that burden, Wapp's demand should be denied.

Wapp's assertion that it is helpless to accuse a product without access to a working version of the product further demonstrates Wapp's complete disregard for its obligations under this District's Patent Rules. Wapp prepared its P.R. 3-1 infringement contentions without working copies of the products accused in those contentions;[1] despite the lack of a working copy, Wapp had enough information to evaluate infringement and to provide charts that address those specific products. Given this, Wapp fails to provide any reason why it could not do the same for the products for which it now seeks discovery. This failure is particularly egregious given the volume of information available for all of the Micro Focus products as Mr. Roboostoff's Declaration explains. *See* Dkt. #166-3 in 4:18-cv-469. Wapp does not challenge the volume and depth of information available for ***every*** Micro Focus product; Wapp just falls back on the disingenuous assertion that these materials are useless without working copies of the products. Wapp's own actions—the complete absence of diligence—discredit Wapp's excuse for why the publicly available information is now somehow insufficient. Wapp's excuses should be rejected.

The transcript that Wapp attaches as Exhibit 2 of its reply supports Defendant's position. There, the court was absolute: Judge Ryu held that the scope of discovery was limited to the products specifically identified in the infringement contentions.

- "This is an infringement case, so it's on [the patent owner] to identify which of the accused products are actually allegedly infringing its patents. So, if there is no infringement contention about certain versions, then impliedly and presumably there isn't an infringement problem. So my ruling would be that the scope of discovery is limited to those versions which [the patent owner] has accused." Dkt. #74-2 at 5:14–21.

---

[1] To the extent Wapp is arguing that one needs a license to even *access* the information described in the declaration, that too is clearly a misrepresentation as anyone can access the links provided in the declaration. Dkt. # 166-3 in 4:18-cv-469.

2

- "So my ruling is that the scope of discovery should match the versions that are allegedly infringed." *Id.* at 6:6–8.
- "That means the scope should be consistent with what's in the infringement contentions." *Id.* at 6:14–15.
- "[T]he scope of discovery should match the versions that are accused products in the infringement contentions." *Id.* at 8:13–15.

Consistent with Judge Ryu's statements, all the court did was order the accused infringer to produce working copies of products *actually accused and identified by version number* in the contentions. As noted above, the Micro Focus Defendants have already agreed to produce the same. That Wapp's counsel here, who participated in that hearing, would imply that Judge Ryu permitted discovery beyond products accused in the contentions cannot be excused.

  Finally, in reply, Wapp improperly raises for the first time that it is entitled to "the UFT suite of products" because it included Mobile Center (which is now called "UFT Mobile") in its infringement contentions. Dkt. #74 at 2. While Defendant agrees that Wapp identified **Mobile Center** in its contentions, Wapp went no further, and Wapp's name-change excuse falls flat.

- First, Micro Focus publicly announced product name changes well before Wapp served its supplemental contentions in early December. *See* https://community.microfocus.com/t5/Application-Delivery-Management/Functional-Testing-has-a-new-name-Meet-the-Micro-Focus-UFT/ba-p/2747675; *see also* https://community.microfocus.com/t5/ADM-News-Events/Video-What-s-New-in-UFT-Mobile-3-3/ta-p/2748343.
- Second, even before the name change, the products that Wapp ignored in its contentions existed, just with different names. *See id.*
- Third, Wapp's affirmation that the products it charted are not "representative" of the full scope of the products Wapp hopes to accuse (Dkt. #74 at 2) clashes with *Honeywell* factors 2 and 3, which require Wapp to show that it has provided notice of an infringement theory in its contentions and the products for which it seeks discovery operate in a manner similar to those that it did chart. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. July 14, 2017) (charting one product without charting other unnamed products is insufficient to provide notice of plaintiff's infringement theories).

Thus, to be clear, contrary to Wapp's assertions, "HP UFT" and "UFT" were never identified in Wapp's infringement contentions. *See* Dkt. #42-2, 42-3. Moreover, as Mr. Roboostoff's

3

Declaration demonstrates, extensive information about current and former versions of UFT One (formerly UFT) and UFT Developer (formerly LeanFT) is publicly available and has been since before Wapp filed suit. Dkt. #166-3 in 4:18-cv-469 ¶¶ 32 (help center for seven versions), 33 (help center for eight versions), 41.

      Wapp's reply fails to substantively address the four factors this Court evaluates when determining whether to permit discovery of non-accused products. With claim construction coming to a close and expert reports around the corner, the time to investigate additional products has long passed. Because Wapp has not demonstrated that it is entitled to the discovery it now seeks, the Court should deny Wapp's motion.

Dated:  April 17, 2020 By: */s/Mark N. Reiter*
Mark N. Reiter
Lead Attorney
Texas State Bar No. 16759900
mreiter@gibsondunn.com
Ashbey N. Morgan
Texas State Bar No. 24106339
anmorgan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-6912
Telephone:  214.698.3360
Facsimile:  214.571.2907

Neema Jalali
njalali@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.374.8409

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*Mark N. Reiter*
Mark N. Reiter