IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br>Plaintiffs, <br><br>v. <br><br>BANK OF AMERICA CORP., <br><br>Defendant. | C.A. No. 4:18-cv-00519-ALM <br><br><br>**JURY TRIAL DEMANDED** |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br>Plaintiffs, <br><br>v. <br><br>WELLS FARGO & CO. <br><br>Defendant. | Case No. 4:18-CV-00501-ALM <br><br><br>**JURY TRIAL DEMANDED** |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br>Plaintiffs, <br><br>v. <br><br>SEATTLE SPINCO, INC. ET AL., <br><br>Defendants. | Case No. 4:18-CV-00469-ALM <br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.'S SUPPLEMENTAL SUBMISSION REGARDING CLAIM CONSTRUCTION**

Pursuant to the Court's directive during the April 20, 2020 claim construction hearing, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively "Wapp") provide the following additional information:

1

1. *<u>"configured to"</u>*

    Wapp provides the following proposed construction, which modifies Defendants' proposed construction to correct wording that Wapp contends is in error, for the reasons set forth in Wapp's briefing, presentation slides, and oral argument:

    | "configured to" | programmed or implemented with hardware or software to |
    |---|---|

    For the Court's convenience, a redline relative to Defendants' proposed construction is provided below:

    | "configured to" | ~~actually~~ programmed or implemented with hardware or software to |
    |---|---|

2. *<u>"simultaneously visually simulate/emulate, via one or more profile display windows"</u>*; *<u>"simulate, via one or more profile display windows"</u>*

    Wapp provides the following proposed constructions, which modifies Defendants' proposed constructions to correct wording that Wapp contends is in error, for the reasons set forth in Wapp's briefing, presentation slides, and oral argument:

    | "simultaneously visually [simulate/emulate], via one or more profile display windows" | [simulate/emulate], while at the same time displaying one or more windows showing resources of the mobile device that are available to or utilized by the application |
    |---|---|
    | "simulate, via one or more profile display windows" | simulate and display one or more windows showing resources of the mobile device that are available to or utilized by the application |

    For the Court's convenience, a redline relative to Defendants' proposed constructions is provided below:

| "simultaneously visually [simulate/emulate], via one or more profile display windows" | ~~imitate~~ [simulate/emulate], while at the same time displaying one or more windows showing ~~in real time~~ resources of the mobile device that are available to or utilized by the application ~~as a result of the imitated activity~~ |
|---|---|
| "simulate, via one or more profile display windows" | ~~imitate~~ simulate, and ~~make available for~~ display one or more windows showing resources of the mobile device that are available to or utilized by the application ~~as a result of the imitated activity~~ |

3. **"emulate"; "simulate"**

During oral argument, the Court raised the question of whether the term "emulate" should be construed to mean "simulate," or vice versa.

As both parties have noted, the patent claims and specification generally use the term "emulate" to refer to a "mobile device" and the term "simulate" to refer to "network characteristics." For the reasons set forth in Wapp's briefing, presentation slides, and oral argument, noting this distinction for the jury would be a sufficient construction. Wapp maintains its position that there is no meaningful difference in the "precision" connoted by the two claim terms, and that these terms do not need any further construction in light of the surrounding claim language, again for the reasons set forth in Wapp's briefing, presentation slides, and oral argument.[1]

---

[1] Wapp agrees with Defendants that the use of "emulate" to refer to "network characteristics" in claim 1 of the '192 patent was an editing error during prosecution. (*See* Defendants' Defendants' Claim Construction Brief, at 17 n.10, and Defendants' Claim Construction Slides at 94-96.) That claim should recite the term "simulate" to refer to "network characteristics." Whether the Court corrects the relevant language or finds that claim invalid for lack of written description, as Defendants have raised, is an issue for later adjudication.

Dated: April 21, 2020

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave
Wilmington, DE 19806
(302) 449-9010

Jeffrey G. Toler
Texas State Bar No. 24011201
jtoler@tlgiplaw.com
**TOLER LAW GROUP, PC**
8500 Bluffstone Cove, Suite A201
Austin, TX 78759
(512) 327-5515

*Attorneys for Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.*

4

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on April 21, 2020.

*/s/Timothy Devlin*
Timothy Devlin
