# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC. ET AL., <br><br> Defendants. | C.A. No. 4:18-cv-00469-ALM <br><br> **JURY TRIAL DEMANDED** |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, <br><br> Defendant. | C.A. No. 4:18-cv-00501-ALM <br><br> **JURY TRIAL DEMANDED** |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendant. | C.A. No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL SUBMISSION REGARDING CLAIM CONSTRUCTION**

Pursuant to the Court's oral order during the April 20, 2020 claim construction hearing, Defendants in the above-captioned actions hereby respond to Plaintiffs Wapp Tech Limited

Partnership and Wapp Tech Corp. (collectively "Wapp")'s Supplemental Submission Regarding Claim Construction filed on April 21, 2020, in the three above-captioned cases.

1. **<u>"Configured to"</u>**

Wapp provides the following proposed revision (Wapp's proposed deletion in red):

| Term | Defendants' Proposed Construction | Wapp's Proposed Revision |
| --- | --- | --- |
| "configured to" | actually programmed or implemented with hardware or software to<br><br>(alternative: that must be programmed or implemented with hardware or software to) | ~~actually~~ programmed or implemented with hardware or software to |

Wapp's proposed construction, which deletes "actually," is contrary to case law in this District and would turn "configured to" into "capable of." "Configured to" is a term of art in patent law, and it has an established, narrow meaning. It requires that the object (here, the software testing interface) *actually be programmed* with the functionalities described in the claim (*e.g.*, the ability to simultaneously visually simulate . . .). *See*, *e.g.*, *SIPCO, LLC v. Abb, Inc.*, Civil Action No. 6:11-CV-0048 LED-JDL, 2012 WL 3112302, at *10–11 (E.D. Tex. 2012). By removing "actually," Wapp blurs the line between "configured to" and "capable of." Wapp cannot do this. *See id.* ("Interpreting 'configured to' as requiring only mere capability would eliminate any meaningful limits to the claims. Accordingly, the Court finds that 'configured to' means 'actually programmed . . . to.'").

Alternatively, Defendants propose that "configured to" be construed as "that must be programmed or implemented with hardware or software to," consistent with the Federal Circuit's holding in *Typhoon Touch Technologies, Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380–81 (Fed. Cir.

2

2011).[1]

## 2. Visual Simulation Limitations

Wapp provides the following proposed revisions (Wapp's proposed deletions in red, additions in teal):

| Term | Defendant's Revised Proposed Constructions | Wapp's Proposed Revisions |
| --- | --- | --- |
| "simultaneously visually [simulate/emulate], via one or more profile display windows" | imitate, while at the same time displaying one or more windows showing resources of the mobile device that are available to the application as a result of the imitated activity | ~~imitate~~ [simulate/emulate], while at the same time displaying one or more windows showing ~~in real time~~ resources of the mobile device that are available to or utilized by the application ~~as a result of the imitated activity~~ |
| "simulate, via one or more profile display windows" | imitate, and display one or more windows showing resources of the mobile device that are available to the application as a result of the imitated activity | ~~imitate~~ simulate, and ~~make available for~~ display one or more windows showing resources of the mobile device that are available to or utilized by the application ~~as a result of the imitated activity~~ |

Based on Wapp's representation that "at the same time" is redundant with "in real time," and that "at the same time" captures the meaning of "in real time," Defendants agree to drop "in real time" from the construction. Defendants also agree to drop "make available for" from its construction.

Wapp's proposed addition of "or utilized by" and proposed removal of "as a result of the imitated activity" is contrary to the claim language and should be rejected. All of the claims in which these limitations appear are directed to simulating "network characteristics." As explained in Defendants' briefing and during the *Markman* hearing, "network characteristics" (such as incoming calls) consume resources of the mobile device, *i.e.*, affect "performance of the

---

[1] For some dependent claims, the "that" would be dropped for grammatical reasons.

3

mobile device." The profile display window shows the resources of the mobile device available to the application as a result of that simulated network activity—*e.g.*, after accounting for the mobile device's resources consumed by the network event, the profile display window shows the resources of the mobile device that are still available to the application.

*Other* claims, such as claims 20 and 29 of the '864 patent, are focused on measuring resource utilization of the application and do not include limitations requiring the simulation of network characteristics. But again, and unlike claims 20 and 29 of the '864 patent, the claims at issue are focused on network characteristics and the resulting impact on resources of the mobile device available to the application. Defendants' proposed claim constructions reflect the language of the claims based on what is taught in the specification.

Finally, as discussed below, "simulate" should be construed as "imitate," and Wapp now concedes that use of the phrase "emulate" in claim 1 of the '192 patent was a mistake.[2]

### 3. **"Emulate," "Simulate," and the Use of Emulators**

Defendants appreciate Wapp's concession that the specifications and claims use "emulate" to refer to mobile devices, while "simulate" refers to network characteristics. Defendants also appreciate the Court's statement at the claim construction hearing that the preamble should be limiting. For all of the reasons previously discussed by Defendants, Defendants urge that "emulate," "simulate," and the preambles be given the constructions set forth in Defendants' briefing and discussed during the hearing.

---

[2] Contrary to Wapp's argument in footnote 1, the Court should determine at this time whether emulate should be construed as simulate/imitate. The parties now agree that claim 1 of the '192 patent's use of "emulate" was a drafting error, and claim construction is the appropriate time to rectify that mistake.

4

Dated: April 22, 2020  By: */s/ Mark N. Reiter*
Mark N. Reiter
Lead Attorney
Texas State Bar No. 16759900
mreiter@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave Suite 2100
Dallas, TX 75201-6912
Telephone: 214.698.3360
Facsimile: 214.571.2907

Neema Jalali
njalali@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8409

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that April 22, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

                                                */s/ Mark N. Reiter*
                                                Mark N. Reiter