# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., | |
| Plaintiffs, | Case No. 4:18-CV-00519-ALM |
| v. | |
| BANK OF AMERICA CORP. | **JURY TRIAL DEMANDED** |
| Defendant. | |
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., | |
| Plaintiffs, | Case No. 4:18-CV-00501-ALM |
| v. | |
| WELLS FARGO & CO., | **JURY TRIAL DEMANDED** |
| Defendant. | |
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., | |
| Plaintiffs, | Case No. 4:18-CV-00469-ALM |
| v. | |
| SEATTLE SPINCO, INC., ET AL., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO SERVE A COMPLIANT ELECTION OF ASSERTED PRIOR ART

## I.      INTRODUCTION

Defendants'[1] Response to Plaintiffs' Motion to Compel fails to address the multiple deficiencies with their Preliminary Election of Prior Art, wholly ignoring most of Wapp's arguments—arguments establishing that Defendants should be compelled to provide an amended Preliminary Election of Prior Art that is compliant with the Court's Order Focusing Patent Claims and Prior Art to Reduce Costs (D.I. 150, the "Focus Order").[2]  Wapp requests that the Court compel production of a compliant Preliminary Election so that it can properly focus its discovery efforts and pretrial preparation.  Wapp's motion should be granted and Defendants compelled to meet their obligations.

## II.      ARGUMENT

Defendants' Response argues that their continued narrowing of prior art for their final election somehow moots Wapp's Motion, but Defendants have not corrected the errors discussed in the Motion.  Most notably, it appears that Defendants fully intend that even their Final Elections of Prior Art will be deficient in the same manner as the Preliminary Election— continuing their failure to demonstrate that any grouping of references/documents are drawn to a *specific* version of a *specific* system.

According to Defendants themselves, even after continued narrowing, their most recent election includes a total of 27 references/documents.  (Response at 3.)  One grouping that

---

[1] While Defendants are correct that Entco Interactive (Israel) Ltd. ("Entco Israel") has not answered the Complaint, they incorrectly state that Entco Israel has not been served.  (Response at 1 n.1.)  As this Court was previously informed in the context of three still-pending motions in the 4:18-cv-00469 Action related to whether or not Entco Israel should remain as a party or be dismissed, service was completed on Entco Israel under article 10(a) of the Hague Convention on December 1, 2019.  (D.I. 128.)  Entco Israel is currently a party to the '469 Action.

[2] Docket numbers in this Brief are from the '469 Action.  Defendants served substantively similar Invalidity Contentions and other documents cited in this Brief in each of the three captioned actions.  As the dispute applies equally to all three actions, Wapp's arguments in the remaining two actions are identical.

1

remains, grouping 9, includes 19 individual documents, yet Defendants continue to contend that those 19 references are a single reference even though there is no clear indication that the documents are sufficiently related to be considered as such under the Focus Order.  (*See* Motion at 3-7.)  Although Defendants state that they are currently "streamlining the invalidity claim chart" (Response at 3) and are "presently reducing the number of documents" related to grouping 9 (*id.* at 4), there is no indication as to whether such a streamlining or reduction will allow the documents within this grouping to be considered a single reference according to the Focus Order. In other words, Defendants continue to ignore the requirements of the Focus Order.

Moreover, Defendants fail to address many of Wapp's substantive arguments.  For example, this Court has held that multiple documents can be considered a single reference, but only where there is a clear or described relationship between these documents, linking them to a ***specific*** system or instrumentality.  (*See* Motion at 4-6.)  In its Response, however, Defendants make no attempt to link the references/documents to a ***specific version of a specific*** system. While they claim to generally be reducing the number of references, Defendants do not identify that any such specific effort to comply with the requirements of the Focus Order.  Instead, Defendants continue to rely on their own allegations that the documents in each grouping are related to one another and to the generically-named system based on screenshots with little to no discussion.

Defendants make no attempt, nor even imply that they will make an attempt, to identify a specific version of any specific system that serves as the basis for a grouping or to show that the references share "features common to all constituent works in the collected reference."  *Fractus, S.A. v. AT&T Mobility LLC,* Dkt. #272, C.A. 2:18-cv-000135-JRG (E.D. Tex. Apr. 15, 2019) at 4.  Instead, Defendants argue that they have met their burden by "identify[ing] a single constituent work that describes the features that purportedly invalidate the asserted patents and

rely on the remaining works in the collected reference as supporting material." (Response at 4.) In so doing, they provide no explanation, linkage, or discussion as to how this burden is met. Defendants have not complied with the requirements by merely asserting that they have done so.

Defendants contend that Wapp confuses the twelve invalidity charts with the documents cited within them, and that Wapp is arguing that Defendants are limited to no more than twelve prior art documents. (*Id.* at 3.) Defendants are wrong. Wapp understands that multiple documents may be considered a single reference if the relevant standards are satisfied, a showing Defendants have still failed to make. Moreover, it was ***Defendants themselves*** who described each of the documents as a "reference"—effectively conceding that each of the charts contains multiple, separate pieces of prior art. (*See* Motion at 1; citing Defendants' Exhibit 14 to its Invalidity Contentions which labels the 19 documents within the exhibit as "references.") Defendants are limited to only twelve prior art ***references*** and have exceeded this limit in a manner that does not comply with the Focus Order.[3]

Additionally, Defendants erroneously allege that, because the Court in *Iridescent Networks, Inc. v. AT&T Mobility,* LLC, No. 6:16-cv-1003-RWS, 2017 LEXIS 223138 (E.D. Tex. June 15, 2017), allowed the defendant there to rely on twenty-three documents as a single reference, Defendants' grouping of nineteen documents is proper. (Response at 4.) Undiscussed by Defendants is that the court in *Iridescent Networks* also denied groupings of four and ten documents. *Iridescent*, 2017 LEXIS 223138, at *8-10. The number of documents within each grouping was ***not*** the focus of that court's decision, but rather whether there was a clear enough link between the documents so that a given group should be considered a single reference. Here,

---

[3] Defendants' contention that Wapp has waived objection to groupings 1-2 and 10-12 (Response at 3-4) is frivolous. As Wapp stated in its Motion (at 7), the same deficiencies seen in grouping 9 are also seen in the other groupings. That grouping 9 was used for exemplary purposes does not mean that the other mentioned groupings are any less deficient.

Defendants simply fail to detail how, for example, the 19 documents in grouping 9—documents spanning thirteen years from multiple authors, and including multiple documents making no mention of the system that Defendants seek to tie them to—relate in a manner that complies with the Focus Order and reasoning of *Iridescent Networks*.[4]

Lastly, Defendants continue to point out that Wapp did not complain about Defendants' Preliminary Invalidity Contentions.  (Response at 5.)  As previously pointed out, however (Motion at 1), this has no bearing on the issue at hand.  Wapp's motion is not directed to the merits of Defendants' Invalidity Contentions, but rather to the deficiency of their focusing of the charts in compliance with the Focus Order.  Wapp did not complain about the Preliminary Invalidity Contentions because there is no limit to the number of references that may be cited in that pleading.  In contrast, Wapp timely complained about Defendants' Preliminary Election of Prior Art because it failed to comply with the Court's Focus Order.  Nothing in the history of this action excuses Defendants from their obligation to submit a Preliminary Election that complies with that Order.

---

[4] Defendants' contention that Wapp seeks to have the Invalidity Contentions stricken (Response at 4-5) confuses the issue.  It is not the Invalidity Contentions *per se* that should be stricken but rather the portion of the Primary Election of Prior Art that seeks to incorporate wholesale charts from the Invalidity Contentions that group together multiple reference such that the Primary Election lists more than the allowed number of references.  (*See* Motion at 8.)  Defendants are only allowed 12 pieces or prior art per asserted patent, and those could be set forth in a single chart if Defendants so chose.

## III.     CONCLUSION

For the foregoing reasons, Wapp's Motion to Compel should be granted and the

Defendants compelled to provide a revised, compliant election of prior art within seven days.


Date: June 12, 2020                              Respectfully submitted:

                                                 _/s/ Timothy Devlin_____
                                                 Timothy Devlin (Bar No. 4241)
                                                 Henrik D. Parker (Bar No. 53938)
                                                 DEVLIN LAW FIRM LLC
                                                 1526 Gilpin Ave
                                                 Wilmington, DE 19806
                                                 (302) 449-9010
                                                 tdevlin@devlinlawfirm.com
                                                 hparker@devlinlawfirm.com

                                                 *ATTORNEYS FOR PLAINTIFFS*
                                                 *WAPP TECH LIMITED PARTNERSHIP*
                                                 *AND WAPP TECH CORP.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system on June 12, 2020.

*/s/ Timothy Devlin*
Timothy Devlin
