# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. § § § v. § § BANK OF AMERICA, N.A. § § | Civil Action No.  4:18-CV-00519 Judge Mazzant |

## ORDER

Pending before the Court is Defendant Bank of America, N.A.'s Motion to Enforce P.R. 3-1 (Dkt. #42).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

This case arises from Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s claim that Defendant infringed their patents—U.S. Patent Nos. 9,971,678; 9,298,864; and 8,942,192.  Pursuant to the Court's scheduling order, Plaintiffs served their P.R. 3-1 infringement contentions on November 7, 2019 (the "Original Contentions").  Defendant contacted Plaintiffs, asserting that the Original Contentions did not comply with P.R. 3-1.  Consequently, Plaintiffs agreed to modify the Original Contentions, later serving their revised contentions on December 2, 2019 (the "Revised Contentions").

On December 23, 2019, Defendant filed its motion to enforce P.R. 3-1, challenging the sufficiency of Plaintiffs' Revised Contentions (Dkt. #42).  On January 6, 2020, Plaintiffs filed their response (Dkt. #44).  Defendant filed its reply on January 14, 2020 (Dkt. #49).  And, Plaintiffs filed their sur-reply on January 20, 2020 (Dkt. #51).

**LEGAL STANDARD**

Local Patent Rule 3-1 requires that each party claiming patent infringement disclose "each accused apparatus, product, device, process, method, act, or other instrumentality . . . of each opposing party of which the party is aware" as to each asserted claim. "Infringement contentions are intended to frame the scope of the case in order to provide for 'full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case.'" *Eon Corp. Holdings, LLC v. T-Mobile USA, Inc., et. al.*, No. 6:10-CV-379-LED-JDL, slip op. at 4 (Aug. 23, 2012) (citing *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007)).

**ANALYSIS**

Defendant maintains that there are two main issues with Plaintiffs' Revised Contentions. Defendant states that the Revised Contentions do not comply with P.R. 3-1 by (1) failing to specifically identify where each element of each asserted claim is found in each Accused Instrumentality; and (2) failing to provide Defendant with "notice of what exactly is accused and why" (Dkt. #42 at pp. 4–5, 10).

Plaintiffs counter that their Revised Contentions are sufficient because they comply with P.R. 3-1(g). Plaintiffs' Revised Contentions state that each element of every asserted claim had software limitations and that Plaintiffs would supplement their contentions after receiving Defendant's "source code and related discovery" (Dkt. #42, Exhibit 3). Accordingly, Plaintiffs assert that, *at this time*, their Revised Contentions adequately describe the systems that they consider to be infringing and that their claim charts are "more than sufficiently detailed and clear" (Dkt. #44).

P.R. 3-1(g) is present in this case. It states, in relevant part:

> If a party claiming patent infringement asserts that a claim element is a software limitation, the party needs only to identify the elements as a software limitation in

> its initial compliance with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. At the latest, the party opposing a claim of patent infringement shall produce source code within 30 days of the initial P.R. 3-1 disclosures. After receipt of the source code for the Accused Instrumentality, the party is permitted 60 days to supplement P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. The party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

(Dkt. #29 at p. 5).

P.R. 3-1(g) is designed to ameliorate the problems inherent in software cases, which "present unique challenges for the parties and the courts." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Unlike in non-software cases, where plaintiffs can simply purchase defendants' product to determine their infringement contentions, plaintiffs in software cases are limited by defendants' "sole possession of the information plaintiffs need." *Id.* Indeed, "prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself." *Id.* Because defendants "rightly guard their source code," plaintiffs are typically unable to—let alone, required to—"give highly specified infringement contentions" until they have access to the source code. *Id.*; *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *8 (E.D. Tex. June 21, 2016) (citation omitted) (stating that the plaintiff "may be limited by the amount of publicly available information it has access to and thus [the plaintiff] is not required to allege facts as to information that it cannot access and has not been provided with.").

To invoke P.R. 3-1(g), the plaintiff "needs only to identify the elements as a software limitation" in its initial infringement contentions. P.R. 3-1(g); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 727673, at *7 (E.D. Tex. Feb. 24, 2016). At that time, the plaintiff does not yet need to identify (1) where each software limitation is met in the Accused

3

Instrumentality or (2) what source code of each Accused Instrumentality satisfies the software claim elements. P.R. 3-1(g). Thus, under P.R. 3-1(g), the plaintiff's initial infringement contentions do not need to be wholly compliant with P.R. 3-1 before any source code is produced. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-037-RWS-RSP, 2017 WL 2651618, at *9 (E.D. Tex. June 20, 2017) (stating that P.R. 3-1(g) allows a party "to delay compliance with Patent Rule 3-1's requirements for claim elements that may be satisfied by source code that has not yet been produced"). After source code is produced, however, a plaintiff invoking this rule must supplement its infringement contentions to include the information required under P.R. 3-1. P.R. 3-1(g); *SSL Servs., LLC*, 2016 WL 727673, at *7; *see also Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 561 (ordering the plaintiff to supplement its infringement contentions after it obtained source code).

Here, Plaintiffs properly invoked P.R. 3-1(g) by stating in their Revised Contentions that each element was a software limitation.[1] *See* (Dkt. #42, Exhibit 3). Plaintiffs' infringement contentions therefore do not need to wholly comply with Rule 3-1 *at this time*. *See* P.R. 3-1(g). Rather, Plaintiffs must ensure compliance with Rule 3-1 after receiving the relevant source code and amending their infringement contentions.[2] The Court therefore denies Defendant's motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Enforce P.R. 3-1 (Dkt. #42) is **DENIED**.

---

[1] Defendant asserts that Plaintiffs improperly invoked P.R. 3-1(g) by asserting that the rule applied to every element (Dkt. #42 at p. 12). Defendant cites to no case to support its contention that the rule cannot apply to each element, and the Court finds that there is no such limitation enumerated in P.R. 3-1(g). Defendant also argues that Plaintiffs' use of P.R. 3-1(g) is overbroad because Plaintiffs can only amend the software claims in their Revised Contentions (Dkt. #42 at pp. 12–13). But, because Plaintiffs have not yet amended their Revised Contentions, that issue is not yet before the Court.

[2] The Court notes that, at the hearing on June 30, 2020, there was some dispute between the parties as to whether Plaintiffs had access to Defendant's source code and when the 60-day timeline for Plaintiffs to amend their Revised Contentions began to run. Because these issues were not fully briefed, the Court will not address them at this time.

**IT IS SO ORDERED**.

**SIGNED this 2nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE