IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. <br><br> Defendant. | C.A. No. 4:18-cv-00519-ALM <br><br> JURY TRIAL DEMANDED |

**STIPULATED PROTECTIVE ORDER**

Before the Court is the Joint Motion for Entry of Stipulated Protective Order (Dkt. #107). The Court finds that the motion should be **GRANTED**. The Court therefore issues this Protective Order (the "Order") to facilitate discovery, which, unless modified herein, shall remain in effect through the conclusion of this litigation. This Order shall also apply retroactively to all Protected Documents that have heretofore been produced in this action.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and would place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties

        producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

(4)   To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**I**t is therefore **ORDERED** that**:**

(1)   Documents, discovery responses, or testimony (including the information contained therein) containing Confidential Information disclosed or produced by any party or non-party in this litigation other than information produced between the parties pursuant to any Rule 408 communications during 2018 (which are covered by a separate agreement) are referred to as "Protected Documents."  Except as otherwise indicated below, all documents, discovery responses, or testimony designated by the producing party as "CONFIDENTIAL" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.  The obligations and proscriptions of this Order shall apply as appropriate not only to Protected Documents, but also to: (a) any information copied or extracted from Protected Documents; (b) all copies, excerpts, summaries, or compilations of Protected Documents; (c) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Documents; and (d) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Documents.

(2)   Protected Documents shall not include: (a) published advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

(3)   At any time after the delivery of Protected Documents, counsel for the party or parties

receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

(4) Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

(5) Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a) Outside counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

    b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    c)    Outside vendors, such as graphics or design services, retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services; and persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium—provided that all the foregoing persons and entities agree to maintain the confidentiality of documents pursuant to this Order;

    d)    Independent experts and consultants retained by the party or parties or their counsel solely for the purposes of this litigation, whether or not they testify, who have signed Exhibit A attached to this Order, "Agreement To Be Bound By Protective Order," and who have not been objected to, as provided below;

    e)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

    f)    An author, signatory, or prior recipient of a Protected Document or the original source of a Protected Document. Such person shall be given access only to the specific document or information therein;

    g)    In connection with a deposition or trial, any witness who is (1) a current employee of the producing party of a Protected Document, (2) a former employee of the producing party of a Protected Document; or (3) a Rule 30(b)(6) designee of the producing party of a Protected Document; and

    h)    The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

(6)    No disclosure of Protected Documents to an expert or consultant as referenced in Section (5)(d) shall occur until that person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the producing party. In addition, the following provisions shall apply:

    a)    The party desiring to disclose Protected Documents to the expert or consultant must provide at the same time that Exhibit A is furnished the following information: name; address; curriculum vitae; current employer; title; employment history for the past five (5) years; any past or present affiliation, whether on an employment or consulting basis, with the receiving party; a listing of cases in which the expert or consultant has testified at trial or by deposition within the preceding five years; and a listing of all patent and patent applications in which the expert or consultant is a named inventor or has a pecuniary interest.

    b)    Upon receipt of a signed copy of Exhibit A, the producing party has seven (7) calendar days to object in writing to the proposed disclosure on the basis, *e.g.*, that disclosure of its Protected Documents to the expert will result in specific business or economic harm to that party or that the expert is or has been involved in the competitive decision-making of any party. Unless otherwise agreed by the producing party, no Protected Documents shall be disclosed to said expert until after the expiration of the foregoing notice period and resolution of any objection. If the parties are unable to formally resolve the dispute within seven (7) calendar days from when the objection was made in writing, the party desiring to disclose Protected Documents to the expert or consultant may file a motion requesting that the expert be allowed access to Protected Documents. If no motion is filed, the expert or consultant shall not be given access to Protected Documents unless the parties later agree otherwise.

(7)    Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

(8)    The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

(9)    To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition referring to the Protected Documents or information contained therein. Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – SOURCE CODE by an appropriate statement at the time that such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be

      so designated within fourteen (14) days from receipt of the final certified transcript. Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Absent appropriate consent, deposition transcripts, in their entirety, shall be treated by default as CONFIDENTIAL until the expiration of the time to make a confidentiality designation.

(10)    Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all "CONFIDENTIAL" information designated as such under this Order shall remain "CONFIDENTIAL" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(11)    Nothing in this Order shall be deemed to prevent the parties from introducing any CONFIDENTIAL material into evidence at the trial of this Action, or from using any information contained in CONFIDENTIAL material at the trial of this Action, subject to any pretrial order issued by this Court. The party seeking to introduce Protected Documents shall, prior to the introduction of such Protected Documents, request that the Court seal the courtroom such that the only individuals allowed to remain are the Court, the jury, and any individuals permitted under this Order to view such Protected Documents.

(12)    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(13)    Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or

immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert. Any Party that inadvertently produces or makes available for inspection materials that it believes is protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s). The Producing Party shall provide a privilege log for any relevant inadvertently-produced materials as soon as reasonably possible after requesting their return. The recipient(s) shall gather and return all copies of the assertedly-privileged material to the Producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party. The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently-produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently- produced material and shall not use such material for any purpose, including any challenge to the claim of privilege or work product. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

(14) The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

(15) After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public

record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

(16) The provisions of this Order shall continue to be binding after final termination of this case until a producing party agrees otherwise in writing or a court order otherwise directs. Except as otherwise herein, within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party (including experts and consultants who received Protected Documents) shall, at the option of the producing party, either return or destroy all Protected Documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to any category of Protected Documents. All Protected Documents not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), emails, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and attorney work product which refers or is related to any Confidential information. Any such copies that contain or constitute Protected Documents remain subject to this Order and shall be maintained in confidence by outside counsel for the party retaining the materials. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein. All parties that have received any such Protected Documents shall certify in writing that all such materials have been returned to the respective outside counsel of the producing party or destroyed.

(17) This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

(18) Patent Prosecution Bar: Absent the written consent of the producing party, any Qualified Person that receives any Protected Document shall not, for a period commencing upon receipt of such information and ending two (2) years following the termination of this litigation (including any appeals), engage in any Prosecution Activity (as defined below) related to the Technology at Issue (as defined below) on behalf of any party:

    a) "Technology at Issue" means methods, apparatuses, or systems related to authoring software, testing software, network emulation, or network simulation, each in the field of mobile devices or any other substantially similar technological field as the patents-in-suit.

    b) "Prosecution Activity" means any activity related to the preparation or prosecution of patent applications relating to the Technology at Issue or any motion to amend claims in the context of any post grant proceeding, such as *Inter Partes* Review.

    Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

(19) No Party may remove, or cause to be removed, Protected Documents produced by another Party from the territorial boundaries of the United States of America, except that litigation counsel shall be permitted to travel internationally with electronic copies of Protected Documents on their computers, tablets, or other electronic devices. Without limitation, this prohibition extends to Protected Documents (including copies) in physical and electronic form. The viewing of Protected Documents through electronic means outside the territorial limits of the United States of America is similarly prohibited, subject to the

exception for litigation counsel set forth above. Notwithstanding this prohibition, Protected Documents, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this Paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

(20) Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

(21) This Order is without prejudice to the right of any producing party to seek further or additional protection of any Protected Documents or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

### SOURCE CODE ADDENDUM

(1) Recognizing that this litigation may involve the inspection of confidential, highly sensitive Source Code, the following provisions—in addition to all other provisions of this Order—

shall apply:

(2) "Source Code" means documents or information containing or substantively relating to confidential, proprietary, and/or trade secret source code or technical design documentation, including computer code, scripts, assembly, object code, source code listings, and descriptions of source code, object code listings, and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip. Documents or other materials that contain or substantively relate to Source Code shall bear the designation "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall be treated as Protected Documents in addition to the increased protections found below.

(3) Absent the express written consent of the producing party, only Qualified Persons (defined above) meeting the requirements of 5(a), (b), (d), (g)(1), (g)(3), or (h) shall have access to Source Code or a document designated RESTRICTED CONFIDENTIAL – SOURCE CODE.

(4) Whenever Source Code is produced, it need only be produced in accordance with the procedures below.

(5) Source Code shall be made available in electronic format at the offices of the producing party's outside counsel of record in this action or at such other location that the parties may mutually agree upon.

(6) Source Code will be loaded on a single, standalone, non-networked personal computer that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer"). The inspecting party may request that certain third-party software tools intended to assist in reviewing the Source Code be loaded onto the computer on which the Source Code will reside and the producing party will reasonably accommodate such requests. Absent specific agreement by the

producing party, use or possession of any input/output device or other electronic device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer, and no recordable media or recordable devices shall be permitted into the Source Code reviewing room. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.

(7)  The Source Code Computer will be made available for inspection until the close of discovery in this action between the hours of 8 a.m. and 6 p.m. local time on business days, upon reasonable written notice to the producing party, which shall not be less than five (5) business days in advance of the requested inspection. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action. Prior to the first inspection of any requested Source Code, the inspecting party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.

(8)  A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with the notice requesting inspection. The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code on the stand-alone computer. The producing party will produce Source Code in computer-searchable format on the stand-alone computer as described above.

(9) The inspecting party's outside counsel and/or experts or consultants shall be entitled to take paper notes relating to the Source Code but may not copy any portion of the Source Code into the notes. Any notes relating to the Source Code shall bear the designation RESTRICTED CONFIDENTIAL – SOURCE CODE. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(10) The inspecting party may request a reasonable number of pages of Source Code to be printed on watermarked or colored pre-bates numbered paper for the purposes of case preparation activity. The inspecting party may not request paper copies for the purposes of reviewing the Source Code in the first instance. In no event may the inspecting party print any continuous block of Source Code that result in more than ten (10) printed pages, or an aggregate total of more than 250 pages during the duration of the case without prior written approval by the producing party.  Within five (5) business days the producing party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend RESTRICTED CONFIDENTIAL – SOURCE CODE unless objected to, as discussed below.

(11) If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the inspecting party within five (5) business days. If, after meeting and conferring, the producing party and the inspecting party cannot resolve the objection (where such meet- and-confer need not take place in person), the inspecting party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the inspecting party until the matter is resolved by the Court.

(12) The inspecting party shall not create a copy or reproduce Source Code in any way except that the inspecting party may reproduce selected excerpts of Source Code if such selected excepts are reasonably necessary for the purpose of any filing with the Court, the service of any pleading or other paper on any party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed below, or any draft of these documents ("Source Code Documents"). Source Code Documents shall be designated RESTRICTED CONFIDENTIAL – SOURCE CODE either (a) in their entirety, or (b) on any page containing quoted Source Code.

(13) Any document designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall be stored only at the following locations:

   a) The offices of outside counsel for the Receiving Party;
   b) The offices of outside experts or consultants who have been approved to access Source Code;
   c) The site where any deposition is taken;
   d) The Court; or
   e) Any intermediate location necessary to transport the information to a hearing, trial or deposition.

(14) Any document designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall not be transported via mail service and shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

(15) The inspecting party's outside counsel shall maintain a log of all copies of such designated material that are delivered by the inspecting party to any person. The log shall include the names of the recipients and reviewers of copies, the dates when such copies were provided, and the locations where the copies are stored. Within thirty (30) days after the termination of the case, the inspecting party must serve upon the producing party the log.

(16) All copies of any portion of the Source Code shall be returned to the producing party if they are no longer in use. Materials designated RESTRICTED CONFIDENTIAL – SOURCE CODE that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

**IT IS SO ORDERED**.

**SIGNED this 8th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., <br><br> Defendants. | C.A. No. 4:18-cv-00519-ALM <br><br> JURY TRIAL DEMANDED |

## **EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in the above-captioned case. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

Dated: _____     _____
                                           [Signature]