# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

# DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO STAY

I.  **INTRODUCTION**

On October 21, 2020, Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") purported to serve their "Second Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1" (the "October 21 Contentions"). Although improper on multiple grounds, Wapp's October 21 Contentions conclusively demonstrate what Bank of America, N.A. ("BOA") has contended since the beginning of this case—that BOA is a mere customer, not a manufacturer, and this action should be stayed under the customer suit doctrine while Wapp proceeds against Micro Focus, manufacturer of the only accused instrumentalities and the true defendant.

II.  **BACKGROUND**

**A. Wapp Sues Micro Focus and Its Customers, Wells Fargo and Bank of America.**

On July 2, 2018, Wapp sued Micro Focus International plc. ("Micro Focus")[1] in this Court accusing Micro Focus of directly infringing U.S. Patent Nos. 9,971,678; 9,298,864; and 8,924,192 (the "Patents-in-Suit") (the "Manufacturer Suit") by selling certain Micro Focus software products and functionalities. *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 1 at ¶¶ 59, 76, 95. Wapp did not, and has not, asserted indirect infringement claims in the Manufacturer Suit. *Id.*; *Id.*, Dkt. No. 28 at ¶¶ 64, 85, 108; *Id.*, Dkt. No. 76 at ¶¶ 64, 85, 108.

On July 16, 2018, Wapp sued Wells Fargo in this Court (the "Wells Fargo Customer Suit") for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. Dkt. Nos. 1 at ¶¶ 26, 58, 76, 96.

---

[1] Defendant refers herein collectively to the multiple related defendants in the Manufacturer Suit as "Micro Focus."

On July 20, 2018, Wapp sued BOA in this Court for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. *Wapp Tech Ltd. v. Bank of America Corp.*, No. 4:18-cv-519-ALM (E.D. Tex., July 20, 2018), Dkt. No. 1 at ¶¶ 26, 58, 76, 96.

**B.  Wapp Defeats BOA's 2018 Stay Motion by Alleging BOA Is A Manufacturer.**

On October 17, 2018, BOA moved to stay this case under the Customer Suit Doctrine. Dkt. No. 11. On October 9, 2019, the Court denied the stay as premature based on Wapp's argument that discovery might show BOA to be a manufacturer and not merely a customer. Dkt. No. 15 at 6 ("Reviewing the parties' argument, the Court believes that Defendant's motion to stay pursuant to the customer-suit exception is premature as additional discovery should be conducted by the parties to determine whether Defendant is a customer or manufacturer of an accused system.").

**C.  BOA Shows It Is Not A Manufacturer While Wapp Sticks Its Head in The Sand.**

On November 7, 2019, Wapp served its Disclosure of Initial Infringement Contentions Pursuant to P.R. 3-1 and 3-2, which incorrectly speculated that BOA's UI TestRunner software indicated BOA manufactured an accused system. (Coburn Decl. Ex. A at 2-3.)  As discovery progressed, BOA stated in May 7, 2020 interrogatory responses that UI TestRunner is deprecated internal BOA software that was used to test desktop applications and incapable of testing mobile applications. (Coburn Decl. Ex. B at 11.)

BOA also made the source code for UI TestRunner available to Wapp at its outside counsel's Dallas office beginning May 7, 2020. (Coburn Decl. at ¶ 4.) At Wapp's request, BOA also made source code for UI TestRunner available in Irvine, California beginning July 10, 2020. (*Id*.) And on August 20, 2020, though the source code already provided was representative, BOA

made all available versions of UI TestRunner source code available to Wapp in Irvine, California. (*Id*.) Finally, at Wapp's request, BOA provided Wapp's technical expert with a printed copy of the UI TestRunner source code on October 9, 2020. (*Id*.)

At the same time, BOA offered 30(b)(6) depositions across multiple dates in September and October 2020: 9/16/2020; 9/18/2020; 10/16/2020; 10/21/2020; 10/23/2020. (Coburn Decl. at ¶ 6.) Wapp never accepted. (*Id*.)

### D. Wapp Serves Its October 21 Contentions Charting Only Micro Focus Products Against BOA.

On October 21, 2020,[2] Wapp purported to serve what it titled its "Second Updated Disclosure of Infringement Contentions Pursuant To P.R. 3-1." (Coburn Decl. Ex. C.) Deficient in various respects and served without leave of Court, the October 21 Contentions are notable from a stay perspective in that they chart only Micro Focus accused products against BOA. (Coburn Decl. at ¶ 5.) While that would seem finally to reflect Wapp's acknowledgement that UI TestRunner is, as BOA has long contended, irrelevant to this case and does not make BOA a manufacturer, the cover document for the October 21 Contentions includes two placeholder lines that cling to UI TestRunner as if Wapp has not already reviewed the UITestRunner source code: "In addition to Wapp's contentions of infringement by Bank of America's use of the Micro Focus-related Accused Systems, Wapp's earlier contentions also included the following identification of UI TestRunner as a potentially infringing product. This contention regarding UI TestRunner is being maintained pending additional discovery from Bank of America."[3] (Coburn Decl. Ex. D at 3.)

---

[2] The Certificate of Service states October 22, 2020, but they were in fact served October 21, 2020.

4

Coupled with Wapp's twin failure to take any depositions or chart UI TestRunner despite having all the source code, those lines amount to a startlingly cynical refusal to concede that UI TestRunner is irrelevant and that BOA is, therefore, not a manufacturer.  That, accordingly, BOA is a mere customer of standard Micro Focus products that it uses "off the shelf" as designed by Micro Focus. (Hart Decl. at ¶¶ 5-6 , Coburn Decl. Ex. D.) The stay afforded by the Customer Suit Doctrine exists to avoid exactly the inefficiency, undue burden, and expense that Wapp has so far exploited.

### III.     ARGUMENT

#### A.  Applicable Law: The Customer Suit Doctrine

The Federal Circuit has expanded the customer-suit exception to stay customer suits in favor of a co-pending manufacturer suit regardless of forum and which suit was filed first. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In *Nintendo*, the Federal Circuit directed a district court to stay infringement suits against eleven customer defendants, finding that the "case against [the manufacturer] must proceed first, in any forum." 756 F.3d at 1366. The court reasoned that "the issues of infringement and validity [we]re common" to the manufacturer and the customer suits, and "that if [the plaintiff] were to collect royalties from [the manufacturer], this would preclude suit against the [customers]." *Id.*

The Federal Circuit explained that the stay relief afforded by the customer suit doctrine "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement . . . and to guard against possibility of abuse," and is intended "to facilitate just, convenient, efficient, and less expensive determination[s]." *See id.* at 1365; *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Accordingly, where the

5

customer and manufacturer suits share the same "major issues," such as infringement and invalidity, the doctrine "exists to avoid . . . imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo,* 756 F.3d at 1365*; Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This is true even if there "may be additional issues involving the defendant[] in [the customer suit]." *Nintendo*, 756 F.3d at 1366 (quoting *Katz*, 909 F.2d at 1464) (internal quotation marks omitted); *Spread Spectrum*, 657 F.3d at 1358.

Since *Nintendo*, this District has recognized that "courts have developed a practice of . . . staying claims against customers pending resolution of the suit against the manufacturer." *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017). In *Saint Lawrence*, the court stayed a customer suit in favor of a manufacturer suit based on the same products and patents where "the infringement contentions . . . served on" the manufacturer and customers "were identical." 2017 WL 3712912, at *1. The court held that the claims against the customer defendants were "peripheral" to those against the manufacturer, noting that the customer defendants "play[ed] no role in the development, design, or implementation of the relevant software code." *Id.* at *2. The court further relied on the fact that the customer defendants had "agree[d] to be bound by the invalidity and infringement rulings in [the manufacturer] case." *Id.* The court held that "infringement and invalidity—two of the biggest issues in any patent case—[would therefore] be resolved by the first trial against" the manufacturer. *Id.*

**B.  The Customer Suit Doctrine Warrants A Stay.**

Wapp's failure to chart UI TestRunner despite reviewing the source code leaves this case is squarely within the ambit of the Customer Suit Doctrine. Against exactly the same Micro Focus

products in each case, Wapp asserts exactly the same claims against BOA as it does against Micro Focus in the Manufacturer Suit. The claim charts are identical, and resolution of the Manufacturer Suit would serve the goals of "just, efficient, and less expensive determination" by resolving the major issues in the Manufacturer Suit and protecting a mere customer. *Nintendo,* 756 F.3d at 1365-66.

1. BOA Is Not a Manufacturer of Accused Instrumentalities; Micro Focus Is The True Defendant.

Wapp's UI TestRunner failure and the Hart Declaration establish two facts fatal to Wapp's assertion that BOA is a manufacturer.

One, Wapp can nolonger use UI TestRunner to claim that BOA is a manufacturer.

Two, not only is UI TestRunner a blind alley, but BOA does not manufacture, design , or develop—and never has—any mobile testing software. (Hart Decl. at ¶ 4 , Coburn Decl. Ex. D.) Accordingly, with the only accused products at issue being Micro Focus products, Micro Focus is the true defendant. *Nintendo*, 756 F.3d at 1365 (The "'customer-suit exception'…exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."); *Saint Lawrence*, 2017 WL 3712912, at *2 (recognizing that the manufacturer is the true defendant when a plaintiff has sued the manufacturer and a customer under the same patents on the same accused products).

2. The Manufacturer Suit Will Undoubtedly Be Dispositive of The Major Issues — And Almost Certainly All Issues—In This Case.

Given that Micro Focus is the true defendant, the remaining issue is whether the Manufacturer Suit will resolve the major issues asserted against BOA sufficient to trigger the stay afforded by the customer suit doctrine. It will. And although such agreement is not required

7

under the Customer Suit Doctrine, BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity.

Regarding invalidity, the Patents-in-Suit are identical between the Manufacturer Suit and this action, and both Micro Focus and BOA have challenged their validity. Dkt. No. 8 at ¶ 112; *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 96 at ¶¶ 128-135; *Nintendo*, 756 F.3d at 1366 (identifying common invalidity issues as favoring a stay).

Regarding infringement, the only accused products that Wapp charted against BOA in its October 21 Contentions are Micro Focus products, referred to in the October 21 Contentions as "Micro Focus-related Accused Systems." (Coburn Decl. at ¶ 5.) On October 21, Wapp also purported to serve amended contentions on Micro Focus. (Coburn Decl. Ex. E.) Wapp's BOA and Micro Focus infringement contentions for the Micro Focus-related Accused Systems are identical – the October 21 Contentions to Micro Focus and BOA assert the exact same claims against the exact same Micro Focus products using the exact same charts. (Coburn Decl. at ¶ 8.) Identical contentions warrant a stay. *St. Lawrence*, 2017 WL 3712912, at *3.

Of the thirteen (13) asserted claims, twelve (12) are system claims. (*See* Coburn Decl. Exs. C and E, identifying the asserted claims; Dkt. Nos. 1-1 – 1-3, the Patents-in-Suit.) Accordingly, as with apparatus claims, the resolution of the 12 asserted systems claims in the Manufacturer Suit will undeniably be dispositive of those assertions in this case. Wapp's accused Micro Focus-related Accused System(s) either directly infringe the asserted systems claims or they do not.

The thirteenth asserted claim—Claim 20 of the '864 patent—is a method claim. Importantly, Wapp has asserted only direct infringement claims against Micro Focus and BOA.

Given the identical charting, it is virtually certain that resolution of this single method claim in the Manufacturer Suit would be dispositive in this suit. Even if it were not, the Manufacturer Suit will undoubtedly resolve the "major issues" by being dispositive of invalidity and infringement of 12 of the 13 asserted claims (i.e., the 12 system claims).

## IV.   CONCLUSION

Wapp should not be permitted to thwart the Customer Suit Doctrine by both ignoring and avoiding discovery showing that BOA is a mere customer of Micro Focus. The question upon which the Court denied BOA's original stay motion has been answered: BOA is a customer, not a manufacturer. The Manufacturer Suit would undoubtedly resolve the major issues presented in this suit. Accordingly, the Customer Suit Doctrine governs, and BOA respectfully requests that the Court stay this action pending resolution of the Manufacturer Suit.

Dated: October 29, 2020

Respectfully Submitted,

By: */s/ Bradley D. Coburn*
Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

*Attorneys for Defendant*

**CERTIFICATE OF CONFERENCE**

Counsel for the parties conferred by telephone on October 23, 2020 and October 28, 2020. I discussed the issue presented herein on behalf of Defendant, and I explained that BOA is a mere customer of Micro Focus. Mr. Robert Kramer, counsel for Plaintiffs, indicated that Plaintiffs are opposed. The discussions ended in an impasse, leaving an open issue for the Court to address.

*/s/ Bradley D. Coburn*
Bradley D. Coburn

**CERTIFICATE OF SERVICE**

I certify that the foregoing document is being served via the Court's CM/ECF system on October 29, 2020 on all counsel of record who have consented to electronic service.

*/s/ Bradley D. Coburn*
Bradley D. Coburn