# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

# **DEFENDANT BANK OF AMERICA, N.A.'S**

# **REPLY IN SUPPORT OF ITS MOTION TO STAY**

I.      **INTRODUCTION**

Plaintiff Wapp's desperation to deny the propriety of a stay can be measured by the boldness of the two misrepresentations that serve as the linchpins of its Opposition.

First, Wapp misrepresents its own infringement allegations in arguing that the Micro Focus manufacturer suit would not resolve the "major issues" in the BOA customer suit. Dkt. 139 at 7. Contrary to Wapp's Opposition, however, indirect infringement is not alleged in either case. Pointing solely to Micro Focus products, Wapp has alleged direct infringement by both Micro Focus and BOA of the exact same claims.

Second, in arguing that BOA is itself a manufacturer, Wapp wrongly states that BOA modifies Micro Focus software rather than use it "off the shelf" as it is sold to be used. Dkt. 139 at 8. As Wapp is aware, BOA could not possibly modify Micro Focus software because it does not have access to Micro Focus source code. The test script functionality Wapp disingenuously points to is not a modification of Micro Focus software; it is a standard, required feature of the Micro Focus accused testing products.

The Customer Suit Doctrine is intended to prevent the abuse, inefficiency, and undue burden that Wapp has imposed on BOA and the Court by pursuing virtually identical cases against a manufacturer and its customer for the exact same manufacturer products.[1] Of the thirteen (13) asserted claims, twelve (12) are system claims. The solitary method claim—for which there are zero allegations of indirect infringement—relates to, and is merely derivative of,

---

[1] Last night Wapp served its purported Third Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1 against BOA (attached as **Exhibit A**) and Micro Focus (attached as **Exhibit B**). Wapp's Third Updated Contentions drop any pretense of accusing non-Micro Focus products. Wapp's remaining argument that BOA is a "manufacturer" disingenuously asserts that BOA is a manufacturer because it uses the standard "test script" functionality that comes with Micro Focus products. The 3rd updated contentions continue to include the false representations about deposition discovery identified in the underlying Motion.

1

the asserted system claims. As with an apparatus, the accused systems either directly infringe or they do not. The Micro Focus case will, therefore, be dispositive.

For that reason, Wapp's damages-based argument also fails. Any recovery from Micro Focus will exhaust Wapp's remedies as to BOA, and a loss against Micro Focus will preclude recovery from BOA. Moreover, even when the manufacturer suit resolves the "major issues" but not all of the issues in the customer suit, a difference in damages theories is insufficient to avoid a stay under the Customer Suit Doctrine.

Finally, Wapp's claim of undue prejudice contradicts the Court's reasoning in denying BOA's first stay motion. The Court granted Wapp's request in denying BOA's first stay motion as premature. Now Wapp asks the Court to deny BOA's second stay motion as too late. Endorsing such "heads-I-win-tails-you-lose" logic would render the Customer Suit Doctrine meaningless. As for BOA, the inherency of the prejudice to it in marching forward when Micro Focus is the true defendant is the reason the Customer Suit Doctrine exists.

## II. ARGUMENT

### A. Wapp Misrepresented Its Infringement Allegations in Denying The Micro Focus Manufacturer Suit Will Resolve The "Major Issues" in The BOA Customer Suit.

Wapp's Opposition works hard to create the impression that there are "numerous" indirect infringement claims asserted against Micro Focus:

> Bank of America may independently infringe Claim 1 of the '864 Patent and Claim 45 of the '678 Patent. This is yet another example of how Bank of America is the direct infringer of this claim, rather than Micro Focus. There are numerous other examples of asserted claims where this is true. E.g., '864 Patent at 24:17-31 ("A method for emulating an application⋯the method comprising⋯playing the application in real time⋯monitoring the application playing in each of the models to determine resource utilization information ⋯.") (Claim 20). All of this is occurring independent of Micro Focus as direct and indirect infringement are separate causes of action with different infringers.

2

As the Court is aware from its denial of a stay request in the *Parallel Networks* case on the same grounds, the existence of co-pending claims of indirect infringement of a method claim by a manufacturer and direct infringement of the same method claim by a customer is critical because a manufacturer suit will not resolve the "major issues" in such a circumstance. *Parallel Networks Licensing, LLC v. Superior Turnkey Solutions Group, Inc.*, Case No. 19-cv-516-ALM, (E.D. Tex. May 1, 2020) Dkt. 36 at 4.

But no such circumstance exists here. Wapp has not asserted indirect infringement in either the Micro Focus manufacturer suit or the BOA customer suit. *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 76 at ¶¶ 64, 85, 108; *Wapp Tech Ltd. v. Bank of America Corp.*, No. 4:18-cv-519-ALM (E.D. Tex., July 20, 2018), Dkt. No. 1 at ¶¶ 26, 58, 76, 96.

Of the thirteen (13) identical asserted claims in each case, twelve (12) are system claims. The solitary method claim—for which, again, there are zero allegations of indirect infringement by either Micro Focus or BOA—relates to, and is merely derivative of, the systems claimed in the asserted patents. The accused systems either infringe or they do not. Accordingly, Micro Focus is the true defendant, and the BOA customer suit should be stayed.

### B. Wapp Misrepresented That BOA Modifies Micro Focus Software.

Wapp's Opposition asserts that BOA is a manufacturer because it modifies the accused Micro Focus software by using the "test script" functionality that comes with those products. Dkt. 139 at 8.

BOA does not have access to Micro Focus source code and could not possibly modify Micro Focus software products. **Exhibit C**, Hart Decl. at ¶ 6. BOA uses standard Micro Focus products as they are made and sold by Micro Focus. *Id*. Aware of this, Wapp misconstrues ordinary

3

customer usage of the standard "test script" functionality that comes with the Micro Focus accused products as "modifying" the software such that the customer becomes a software manufacturer.

A simple analogy shows the absurdity of that tack. To assert that BOA becomes a software manufacturer when it uses the "test script" functionality in the Micro Focus products—a necessary predicate to performing tests the Micro Focus products are made to perform—is the same as asserting that a user of Microsoft Word becomes a software manufacturer when they write a letter in Word or fill in the fields in a Word memo template. That Wapp would equate such basic, noncontroversial product usage with software manufacturing reflects the weak ground it stands on in opposing this stay request.

**C. Different Damages Theories Do Not Prevent A Stay.**

Wapp argues that the difference in its damages theories as to BOA and Micro Focus weighs against a stay. This argument fails for at least two reasons.

Because of the nature of the asserted claims and the absence of indirect infringement allegations, the Micro Focus manufacturer suit will resolve all claims against BOA either way. If Wapp loses against Micro Focus, its case against BOA necessarily fails. If Wapp wins against Micro Focus, Wapp's claims against BOA will be exhausted. *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product.").

Additionally, even where a manufacturer suit will not resolve all issues, this Court, like others, has held that differences in damages theories do not prevent a stay where the "major issues" are resolved by the manufacturer suit. *Opticurrent, LLC v. Power Integrations*, LLC, Case No. 2:16-cv-325-JRG, 2016 U.S. Dist. LEXIS 194970, at *13-*14 (E.D. Tex. Oct. 19, 2016); *see also*

*Capital Sec. Systems, Inc. v. ABNB Federal Credit Union*, 2014 WL 5334270 (E.D. Va. 2014) ("First, the issues of different damages calculations and the alleged "willfulness" of ABNB's infringement are not "major issues." Quite the contrary, these are precisely the type of issues that can be dealt with easier and more quickly after resolution of the manufacturer suit.").

### D. The Undue Prejudice to BOA Is Inherent.

If Micro Focus is the true defendant, then the undue prejudice to BOA is necessarily established. The Customer Suit Doctrine provides stay relief "to guard against possibility of abuse…[and]…facilitate just, convenient, efficient, and less expensive determination[s]." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

### III. CONCLUSION

The Micro Focus manufacturer suit and the BOA customer suit allege direct—and only direct—infringement of the exact same asserted claims (12 of which are system claims, and 1 of which is a method claim based on those systems) by the exact same Micro Focus products. Accordingly, Micro Focus is the true defendant, and resolution of its case will undoubtedly resolve the "major issues" in the BOA case. Wapp should be made to let go of its unwarranted use of BOA as a bargaining chip, and BOA respectfully requests that the Court stay this case pending resolution of the Micro Focus manufacturer suit.

Dated: November 10, 2020

Respectfully Submitted,

By: */s/ Bradley D. Coburn*
Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on November 10, 2020 on all counsel of record who have consented to electronic service.

*/s/ Bradley D. Coburn*
Bradley D. Coburn

6