IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br>  Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br>  Defendant. | C.A. No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

**WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP'S SUR-REPLY TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO STAY (DKT. 134)**

I.     **INTRODUCTION**

Common sense dictates that one defendant's wrongdoing does not automatically absolve another defendant's liability, especially when a plaintiff is alleging different claims for different damages in different cases based on different, non-overlapping damages theories.  No amount of grandstanding can obfuscate this basic legal principle.  Here, Wapp alleges independent claims against Bank of America for independent damages.  Granting a stay would unnecessarily delay Wapp the opportunity to pursue its claims against defendant, Bank of America, and this would be wholly unfair.

First, Wapp has alleged that Bank of America is liable for direct infringement, independent of Micro Focus.  Put differently, the *essence* of Bank of America's wrongdoing and liability the subject of Wapp's allegations is based on Bank of America's own infringing conduct, not that of Micro Focus.  Put simply, Wapp has alleged that Bank of America is a maker of scripts and a user of software and a true defendant in this case.  Wapp has every intention of proving this at trial and has the right to do so without undue delay.

1

Second, Wapp's theory of damages and damage modelling is different from the damages theory in its case against Micro Focus. To say that Wapp can be made whole again through a determination against Micro Focus alone would be like telling a landlord he can only collect rent for one tenant's late rent payment when multiple tenants all owe rent. This line of reasoning makes no sense.

Bank of America also by and large ignores the legal standard set forth by this Court. Instead, Bank of America tries to hide behind the same Customer Suit Doctrine argument, which does not apply here, in an attempt to muddy the waters and mislead the Court into thinking that Bank of America is not the sophisticated manufacturer it is, but rather an ordinary customer of Micro Focus. This is wrong. This Court has made it abundantly clear what it will consider (*See* Dkt. No. 16 at 4), and Bank of America's general avoidance of this three-factor test is a virtual admission of the weakness of its position.

Significantly, it is supremely hypocritical for Bank of America to accuse Wapp of levying allegedly underdeveloped allegations on the writing of scripts *when Bank of America has been the one dragging its feet in discovery production*. Once Bank of America follows the rules of discovery and completes production of the scripts it writes to test its banking applications, which it is obligated to do by December 8, 2020, and should have done so as part of its initial disclosures months ago, Wapp will then be positioned to elaborate on these claims and will be prepared to do so at trial. The Court's instincts when it denied the banks' motions to stay these cases earlier on was correct and continues to be correct. Bank of America's strategy of foot-dragging on discovery, and when unsuccessful, filing a motion to stay should not be countenanced.

II.     **ARGUMENT**

    a. **Wapp brings independent claims against Bank of America**

Bank of America accuses Wapp of "creating impressions" of numerous indirect infringement claims asserted against Micro Focus. This is not so. For the sake of clarity, and to set the record straight once and for all, Wapp is alleging that Bank of America independently and directly infringes Wapp's patented technology. There are many examples of such infringement, all of which Wapp intends to prove at trial, but Wapp will specifically address a couple of these topics to avoid any further confusion created by the bank.

First, and perhaps most glaringly, Bank of America is a manufacturer and thus a true defendant in this case. Bank of America cannot in good faith claim that it simply uses a product and then its widely-used mobile app subsequently appears out of thin air. There is a process involved. That process includes Bank of America engineers preparing and testing Bank of America's mobile banking app by writing computer files, or "scripts." The engineers then proceed to test and develop its mobile apps by using its scripts with the software products and Bank of America in turn distributes this mobile app to at least 25 million of its customers. Dkt. No. 1 ¶ 50. As alleged in Wapp's opposition brief, Bank of America directly infringes by employing engineers to "[d]evelop, execute and maintain test scenarios and test scripts that exercise production-like scenarios to ensure that chance is optimized for performance and free from performance defects in order to satisfy the customer experience." Dkt. No. 139 at 6-7. This process and Bank of America's direct infringement of Wapp's patents are separate from Micro Focus, and any other characterization of Wapp's claims is at this point disingenuous.

Second, Bank of America incorrectly analogizes its engineering process to that of a common user of Microsoft Word. That analogy falls flat as it is an overly-simplistic attempt to diminish one of the core issues at stake in this case (Dkt. No. 149 at 4). A common user of Microsoft Word need not have any heightened level of technical training or requisite prior

experience to use Microsoft Word. Meanwhile, as outlined in Wapp's opposition brief, the purpose and sophistication of Bank of America's engineering department strongly suggests otherwise. *See* Dkt. No. 139 at 6-7. This process all feeds into Bank of America's ultimate goal—the development and distribution of its popular customized mobile banking app. Analogizing Bank of America's infringing conduct to that of an ordinary user of Microsoft Word is not a serious argument.

Further, Bank of America is falsely accusing Wapp of not supplementing its allegations with adequate supporting information and all the while Bank of America is in sole possession and control of the requisite information and has refused throughout this litigation to produce such information in discovery. It would be a gross miscarriage of justice to grant a stay when the very evidence Wapp needs has been wrongly and unjustly withheld by Bank of America. For example, Wapp has been requesting the scripts from the beginning of this case, during the Rule 408 conversations, and in its motions to compel. To date, Bank of America has not yet produced this information. It both refuses to provide discovery, including as to the scripts it writes which establish its independent infringement, and yet argues that plaintiff has not offered proof that the bank is an independent infringer.

b. **Wapp seeks independent damages from Bank of America**

Bank of America argues that Wapp's recovery from Micro Focus would exhaust Wapp's remedies against Bank of America; that a judgment in favor of Micro Focus would preclude recovery against Bank of America and that a stay would adequately address these issues. This is nonsensical. Against Micro Focus, Wapp seeks a reasonable royalty based on Micro Focus's revenue from the sales of Micro Focus's testing products sold to its customers. Wapp seeks a different measure of damages from Bank of America as these damages are predicated on Bank of

America's own infringement of Wapp's patents and the subsequent revenue received by Bank of America from such infringement, including the cost savings that Bank of America derived from its own independent infringement. Wapp maintains this distinction by excluding damages in its damages model against Micro Focus stemming from Micro Focus's revenue derived from provision of Micro Focus products sold to Bank of America. This renders Bank of America's argument about double recovery and exhaustion illusory.

### c. All factors weigh against a stay of this case

In its latest brief, Bank of America again conveniently excludes any mention of the three-factor test used by this Court when making a determination on a motion to stay. *See* Dkt. No. 149. This is because all of the factors weigh against Bank of America. Bank of America fails to address with any seriousness how a stay would prejudice Wapp or how a stay would simplify the issues in question. Instead, Bank of America attempts to circumnavigate these topics by again relying on the Customer Suit Doctrine, which does not apply here. Wapp has alleged that Bank of America is a manufacturer and a true defendant in this case. Accordingly, granting a stay would unfairly deprive Wapp of an opportunity to prove its case and recover from a true defendant, Bank of America. This would cause Wapp severe prejudice. Equally as important, a stay would not simplify any of the issues in question as Wapp's claims against Bank of America and the damages Wapp seeks from Bank of America are entirely different and independent from any case Wapp has against Micro Focus. Any determination made against Micro Focus would have no bearing on the claims and damages here. Further, Bank of America makes no mention of the imminent discovery deadline next month or the fast-approaching trial date in four months as Bank of America knows that both of these upcoming dates severely hamper its argument as well.

### III. CONCLUSION

Accordingly, the Court should deny Bank of America's motion to stay (Dkt. No. 134) and proceed toward trial as originally planned.

| | |
|---|---|
| Dated: November 13, 2020 | /s/Clyde M. Siebman |

Clyde M. Siebman
TX Bar No. 18341600
clydesiebman@siebman.com
**Siebman, Forrest, Burg & Smith LLP**
Federal Courthouse Square
300 North Travis St.
Sherman, TX 75090
908/870-0070 Fax: 903/870-0066

Deron R. Dacus
TX Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE LOOP 323, Suite 430
Tyler, TX 75701
902/705-1117 Fax: 903/581-2543

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@feinday.com
M. Elizabeth Day
CA Bar No. 177125 (Admitted E.D.Texas)
eday@feinday.com
David Alberti
CA Bar No. 220625 (*pro hac vice*)
dalberti@feinday.com
Sal Lim
CA Bar No. 211836 (*pro hac vice*)
slim@feinday.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@feinday.com
Marc C. Belloli
CA Bar No. 244290 (*pro hac vice*)
mbelloli@feinday.com
Sven Raz
CA Bar No. 222262 (*pro hac vice*)
sraz@feinday.com
Andrew Hamill (Admitted E.D. Texas)
CA Bar No. 251156
ahamill@feinday.com
Robert Y. Xie (*pro hac vice*)
rxie@feinday.com

CA Bar No. 329126
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served via the Court's CM/ECF system on November 13, 2020 on all counsel of record who have consented to electronic service.

*/s/ Clyde M. Siebman*
Clyde M. Siebman